VIVIAN JAMES *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    November 11, 1909. — January 6, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Street railway, *Res ipsa loquitur.*  *Evidence,* Presumptions and burden of proof.  *Street Railway.*

In an action, against a corporation operating a street railway, for personal injuries caused by the derailment of a car of the defendant in which the plaintiff was a passenger, where the declaration alleges negligence of the defendant without stating the particulars of the negligence that caused the accident, and the accident is of such a kind as to indicate that it could not have happened unless there was negligence of the defendant or of some of its servants in its business, the plaintiff may rely upon the doctrine of *res ipsa loquitur,* and it is not necessary for him to show to which of several possible culpable causes the accident is to be attributed.

In an action, against a corporation operating a street railway, for personal injuries caused by the derailment of a car of the defendant in which the plaintiff was a passenger, it appeared that the car ran off the track and turned around nearly at right angles to the track. Neither party offered any adequate explanation of the accident. Expert witnesses, called by the defendant, testified that sometimes it was impossible to find the cause of a derailment, and one of them testified that he knew of nothing that would cause a car to leave the track except a defect in the track or a defect in the car or running the car improperly. There was no evidence to warrant a finding as a separate fact that there was a defect in the car; and it was assumed that the same was true as to negligence in regard to the condition of the track and negligence in the manner of running the car. The presiding judge refused to give rulings, requested by the defendant, that there was no evidence of any defect in the car, that there was no evidence of negligence as to the condition of the track or roadbed, and that there was no evidence of negligence as to the operation of the car.  *Held,* that the refusal of the judge was right, as no one of these instructions could be given properly without adding an instruction that the plaintiff was not bound to introduce evidence to warrant a finding on any one of these particulars, taken by itself, and that it was enough if the jury found that there was negligence in some one or more of these matters, even if they only could conjecture which was the culpable cause of the accident.

TORT, against a corporation operating a street railway, for personal injuries alleged to have been received by the plaintiff by reason of the derailment of an open electric car of the defendant on which she was a passenger on the afternoon of Sunday, May 26, 1906.    Writ dated June 9, 1906.

In the Superior Court the case first was tried before *Bond,* J., and the jury returned a verdict for the plaintiff in the sum of

$15,000. The defendant alleged exceptions, which were sustained by this court in a decision reported in 201 Mass. 263.

There was a new trial of the case before *Hardy*, J. A description of the issues tried and of the evidence introduced by the plaintiff is contained in the opinion.

At the close of the evidence the defendant asked the judge to make the following rulings:

"1. There is no evidence of any defect in the car.

"2. There is no evidence of any negligence as to the condition of the track or roadbed.

"3. There is no evidence of negligence as to the operation of the car."

The judge refused to make any of these rulings and submitted the case to the jury with other instructions. The portion of the charge of the judge which contained the reference to the inspection of cars mentioned in the opinion was as follows:

"If you are satisfied that the motorman behaved properly in accordance with my instructions, then the next question is, what was the condition of the car? Was that properly equipped? Well, you have evidence here introduced by the defendant as to the inspection of that car. The company was called upon to exercise the highest degree of care in having a car properly constructed, in the first place, constructed so that it fitted the tracks. Then it was called upon to exercise the same degree of care in having it properly equipped, having proper arrangements of machinery and running gear. When it has done that, then it is called upon, because of the fact that the car may weigh about eight tons, to exercise that high degree of care in connection with its inspection. What was done in this case? Was there anything in the condition of the car that shows that it was improperly constructed, and that is a question of fact for you to decide.

"Did the company exercise a proper degree of care in accordance with the standard prescribed in seeing that the car was properly inspected, and you have the evidence of the railway servants as to what they did in that respect both before and after the accident. They have told you what they found. Was that inspection proper and reasonable under all the circum-

stances in accordance with the standard prescribed? If you are satisfied that it was proper and reasonable, it was in accordance with the high degree of care prescribed, then you will find for the defendant upon that issue.

"Next, was the track in proper condition? You have some evidence here on the part of the plaintiff tending to show that the track was somewhat defective; that at a certain juncture of rails one rail was higher than the other; and it is for you to say who is telling the truth about that condition of the rails. The defendant's testimony tends to show that the junction there was even. The plaintiff's testimony tends to show that there was unevenness in connection with the junction of those rails. Of course, that is a question of fact for you to decide. If you are satisfied that the rails were uneven there, when you have found that fact, then it is for you to say whether that was a defective condition. Did the company exercise the high degree of care that I have suggested to you in connection with its construction in having the rails in that condition? If it was properly constructed, in the first place, was that high degree of care used in connection with the inspection of the track? Could it have been discovered by the exercise of the highest degree of care required that there was a defective condition there? The duty is imposed upon the company. If it failed to do its duty in that respect and that caused the accident, then the company would be liable. It is for you to say whether the explanation given here by the company as to the causes here has done away with anything that may have appeared there that was of a defective nature.

"Now, it is not incumbent upon the plaintiff to satisfy you with reference to any one of these specific causes which may have caused the accident; that is, whether it was the action of the motorman or the failure of the company or its officials to inspect the track properly, or the failure of the company or its officials to have the proper construction of the car. If you are satisfied that in any one of these respects there has not been a proper explanation given, and you are satisfied that there was negligence on the part of the defendant company, then you will find for the plaintiff on the question of liability. If you are satisfied that reasonable care in accordance with the instructions.

given, the care required, has been used by the company in all these respects, and you find it has not been negligent, then your verdict should be for the defendant on the question of liability."

At the conclusion of the charge, the counsel for the defendant among other things stated to the court the following: "There is one thing in your honor's charge with reference to the explanation by the defendant. I am afraid the jury will understand from your honor's charge that it is the duty of the defendant when it attempts to explain the accident, to show that it properly inspected the car and track, even though the evidence should go to show that there was not any defect in the car or track. In other words, if the jury should find there was not any defect in the car or any defect in the track, and no negligence in operation, the fact that we have not shown more about inspection, it seems to me would be immaterial. I did not know but what the jury might go astray on that." The judge replied "I do not believe I led them astray on that. I think I will let it stand as it is." To this part of the charge and the refusal to amend it the defendant excepted.

The jury returned a verdict for the plaintiff in the sum of $15,000; and the defendant alleged exceptions.

*H. D. McLellan,* for the defendant.

*R. H. Sherman,* for the plaintiff.

KNOWLTON, C. J. The questions argued by the defendant are covered in substance and legal effect by the decision in 201 Mass. 263, when this case was formerly before us, and by that in *Minihan* v. *Boston Elevated Railway,* 197 Mass. 367.

The plaintiff went to trial upon a single count, alleging negligence of the defendant and stating the nature and particulars of the accident resulting from it, but not stating the particulars of the negligence that caused the accident. Under such a count a plaintiff may rely upon the doctrine *res ipsa loquitur,* if the accident is of a kind to indicate that it would not have happened unless there was negligence of the defendant or of some of its servants in the conduct of its business. It is not necessary to show to which of several possible culpable causes the accident is to be attributed. In this case the car ran off the track and turned around nearly at right angles to the track. There was no evidence sufficient to show particularly

the cause of the accident. Neither party offered any adequate explanation of it. Expert witnesses called by the defendant testified that sometimes it is impossible to find a cause of a derailment. Such a witness testified that he knew of nothing that would cause a car to leave the track except a defect in the track, or a defect in the car, or running the car improperly. It is said with truth that there was no evidence to warrant a finding that there was a defect in the car, treating it as a fact by itself, to be proved separately, and if the plaintiff had been obliged to prove negligence in this particular, she would have failed. If we assume without deciding that the same was true as to negligence in regard to the condition of the track and negligence in the mode of running the car, we have a case in which there is no evidence to warrant a finding of any particular kind of negligence, while the accident is such as to indicate that there was negligence in some one of these three particulars.

If the three instructions requested had been given, without more, they would have been almost equivalent to an instruction that there was no evidence upon which the plaintiff could recover. No one of them could be given properly, without coupling it with an instruction that the plaintiff was not bound to introduce evidence to warrant a finding against the defendant in any of these particulars, taken by itself alone, and that it was enough if the jury found that there was negligence in some one or more of them, even if they could only conjecture as to which one was the culpable cause of the accident. This was the legal effect of the instructions given.

At the former trial the question arose upon a count charging only negligence as to the condition of the car, under which there could not be a recovery without proof of that kind of negligence.

The defendant was not prejudiced by the judge's reference to inspection as one of the ways in which care could be exercised.

*Exceptions overruled.*