CARRIE J. TOBIN *vs.* PITTSFIELD ELECTRIC STREET
RAILWAY COMPANY.

Berkshire.    September 13, 1910. — October 25, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Street railway, *Res ipsa loquitur.    Evidence,* Presumptions and burden of proof.    *Pleading, Civil,* Declaration.

At the trial of an action of tort against a street railway company to recover for personal injuries received by the plaintiff while a passenger upon a car of the defendant, there was evidence tending to show that, while the car, upon which the plaintiff was a passenger, was running rapidly on a portion of the defendant's track which was rough and uneven and unsafe to pass over except at a low rate of speed, the forward truck left the track, shot across the travelled highway and, the rear truck remaining on the track, swung around and followed the rear

truck until the car stopped. The presiding judge refused to rule that on all the evidence the plaintiff could not recover. The jury answered affirmatively each of the following questions : " Was the accident caused in whole or in part by reason of the negligence of the defendant or of its servants and agents in the operation and management of the car ? " and " Was the accident caused in whole or in part by reason of a defective or unsafe condition of the track and road-bed ? " *Held*, that the refusal of the ruling requested was proper, and that the answers of the jury were warranted by the evidence.

The declaration in an action of tort against a street railway company to recover for personal injuries received by the plaintiff while a passenger on a car of the defendant was in a single count, and, having stated that the defendant owed the plaintiff the duty to carry him safely, alleged that the defendant wholly neglected to perform that duty and then stated three particulars in which the defendant was negligent, one in regard to the management of the car, one in regard to the condition of the car, and one in regard to the condition of the railway. Then followed averments that the plaintiff was injured by reason of this negligence and that she was in the exercise of due care. At the trial the plaintiff introduced evidence tending to show that the car ran off the track. The presiding judge, subject to exceptions of the defendant, instructed the jury that the doctrine of *res ipsa loquitur* applied. The defendant contended that, because the plaintiff in the declaration alleged particular acts of negligence, the doctrine did not apply. *Held*, that the instruction was correct, because, each of the particular kinds of negligence being included in a general averment in a single count, which constituted the entire declaration, the judge was warranted in treating it as a general allegation of negligence and the plaintiff was not bound to prove the existence of any particular kind of negligence to establish the defendant's negligence.

Where a declaration in an action of tort against a street railway company to recover for injuries received by the plaintiff while a passenger upon a car of the defendant, caused by the car running off the track, contains a single count charging negligence generally or all possible kinds of negligence that could have caused the accident, which together constitute general negligence, and where the plaintiff at the trial of the action introduces evidence of the accident and relies on the doctrine of *res ipsa loquitur, it seems*, that it is improper for the presiding judge to rule without qualification, as to any one of the particular kinds of negligence, that there was no evidence that in that respect the defendant was negligent.

TORT for personal injuries, received by the plaintiff while a passenger upon a car of the defendant and caused by the car running off the track as stated in the opinion. Writ dated April 29, 1909.

The case was tried before *Crosby*, J. The facts are stated in the opinion. The jury found for the plaintiff; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. W. Ely & J. B. Ely*, for the defendant.

*J. T. Coyne & J. B. Cummings*, for the plaintiff.

KNOWLTON, C. J.  This action for damages by a passenger injured while riding on the defendant's street railway is upon a declaration containing but a single count.  This count contains averments that the defendant was a common carrier, that the plaintiff was a passenger, that the defendant owed her the duty to carry her safely, and that it wholly neglected this duty.  It then states three particulars in which the defendant was negligent, one in regard to the management of the car, one in regard to the condition of the car, and one in relation to the condition of the railway.  Then follow averments that the plaintiff was injured by reason of this negligence and that she was in the exercise of due care.

The defendant has argued but two general propositions, one that the request that, "upon all the evidence the plaintiff is not entitled to recover," should have been given; and the other that certain parts of the charge were inapplicable to the facts and were misleading.  The other exceptions we treat as waived.

While the car in which the plaintiff was riding was running rapidly down a grade, the forward truck left the track, shot out across the travelled highway, the rear truck remaining all the time upon the track, and the forward truck was swung around to follow the rear truck until the car stopped, when it struck and broke a pole of the defendant.  The jury answered "Yes" to the question, "Was the accident caused in whole or in part by reason of the negligence of the defendant or of its servants and agents in the operation and management of the car?" and they made the same answer to the question, "Was the accident caused in whole or in part by reason of a defective or unsafe condition of the track and roadbed?"  There was ample evidence to support each of these findings.  There was testimony that the track was rough and uneven and unsafe to pass over, except at a low rate of speed, and there was evidence tending to show that the car was running rapidly.  These findings show that the ruling requested was rightly refused.

The second part of the defendant's argument relates to the instructions given in reference to the doctrine, *res ipsa loquitur*, in its application to these facts.  The defendant's counsel say in their brief: "It is admitted that if this were a case where the plaintiff had simply declared generally upon the negligence

of the defendant, its servants or agents, that by showing the derailment of the car the doctrine of *res ipsa loquitur* would apply and the rule of law as given by the court, quoted above in regard to *prima facie* proof would have been correct ; but it is otherwise in this case for the plaintiff has alleged particular acts of negligence." This statement shows a misapprehension of the declaration, which seems to have existed at the trial. There is but one count, and the plaintiff can recover if she shows negligence of any kind described in that count. Upon the evidence, her declaration appears to include every possible kind of negligence that could have caused such an accident. In *James v. Boston Elevated Railway*, 204 Mass. 158, 162, we have the testimony of an expert witness " that he knew of nothing that would cause a car to leave the track except a defect in the track, or a defect in the car, or running the car improperly." Each of these particular kinds of negligence is included in the general averment in the single count which constitutes the declaration in the present case, and the judge was warranted in treating this as equivalent to a general allegation of negligence. In this particular the case is in substance and legal effect like that just cited. The plaintiff was not bound to prove the existence of any particular kind of negligence to establish the defendant's liability.

The judge stated the doctrine applicable to the facts in a variety of ways, each of which was excepted to by the defendant. After the accident, it appeared that the axle of the forward truck had been broken. Whether it was broken before the derailment, or the break was caused by the derailment, was not proved. But there was evidence tending to show that it was broken before, and that this break caused the accident. There was also evidence from experts that the break resulted from a concealed defect which could not have been discovered by the defendant by the exercise of proper care. The jury were instructed that if the breaking of the axle caused the accident, the plaintiff could not recover. This was sufficiently favorable to the defendant. The only proper ground of criticism upon the charge is that in other particulars it was too favorable to the defendant. The jury were instructed that " there was no evidence that the defendant company was negligent in the maintenance of its car."

If this kind of negligence had been charged in a count by itself, so that there could be no recovery on the count, unless it was proved, this instruction would have been correct. *James* v. *Boston Elevated Railway*, 201 Mass. 263. But in a count charging negligence generally, or all possible kinds of negligence that could have caused the accident, which together constitute general negligence, and where the doctrine *res ipsa loquitur* is applicable, such an instruction as to any one of all the possible kinds of negligence ought not to be given. *James* v. *Boston Elevated Railway*, 204 Mass. 158.

In the present case there was no evidence of negligence in the maintenance of the car, except the evidence that came from the happening of an accident which tended to show negligence of some kind, without indicating whether it was in the maintenance of the car or in some other particular.

In general the doctrine was stated and explained to the jury in a way that could not have misled them in any material matter. The instructions were sufficiently favorable to the defendant.

*Exceptions overruled.*