ANNIE D. ROWE & another *vs.* COMMERCIAL CABLE COMPANY.

Essex.      November 7, 1913. — December 13, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* In use of electricity, *Res ipsa loquitur. Electricity. Evidence,* Presumptions and burden of proof.

In an action against a telegraph company for the loss of a tree of the plaintiff alleged to have been killed by a current of electricity communicated from a wire of the defendant, where there is evidence tending to show that the death of the tree was so caused and that for a long time before the tree was killed the defendant was notified that the electricity was being so communicated, it is not necessary for the plaintiff to show where the current came from or who was primarily responsible for it, and the defendant is not entitled to have the jury instructed as a matter of law that it is not liable if the current of electricity which killed the tree was not generated by the defendant but passed over its wires without its consent; and the jury is warranted in finding that the defendant negligently suffered the current to pass over its wires and to enter and kill the tree.

MORTON, J.   This is an action of tort for negligently allowing the defendant's wires to be and remain in contact with a tree on the plaintiffs' premises and thereby to kill it.   There was a verdict for the plaintiffs, and the case is here on exceptions by the

defendant to the refusal of the presiding judge * to give certain rulings that were requested.

There was evidence tending to show that the defendant had one pole on the plaintiffs' premises and another in the highway about one hundred and twenty feet north; that on these poles were wires belonging to the defendant company, used for telephoning and for occasional telegraph messages, and that on the same side of the street were electric light poles and wires belonging to the Gloucester Electric Company and carrying a voltage of from two to five thousand volts; that some six or seven years before the trial one of the defendant's wires was in contact on several occasions with the tree that was killed, and sparks were seen dropping from the place of contact; that the defendant's attention was called to it and the trouble was remedied for a time by putting on a glass insulator; that after a while the sparking began again and it was found on examination that the insulator had disappeared; that the attention of the defendant was called to the matter, but nothing was done and the tree gradually died, a bare spot about ten inches long being burned upon it where the wire was in contact with it.

This evidence warranted a finding that the tree was killed by the contact of one of the defendant's wires with it.

The defendant contended and introduced evidence tending to show that it did not generate electricity enough to produce the injury complained of, and excepted to so much of the charge as left it to the jury to determine whether it did. It also excepted to the refusal of the judge to instruct the jury that if they found that the destruction of the tree "was caused by a current of electricity passing into the tree from the defendant's wires, but such current was not generated by the defendant but passed over its wires without its consent, there could be no recovery;" and to the refusal of the judge to direct a verdict for the defendant.

As the case was finally left, the presiding judge instructed the jury as follows: "The liability of the defendant is established only in case the plaintiff shows by a preponderance of the evidence that it is the defendant's negligent act that caused the injury to the tree, whether the current was produced by itself or authorized

---

* *Sanderson,* J.

to go through the wires by its own deliberate acts or whether negligence consists in not anticipating and guarding against foreign currents coming in, or not within a reasonable time taking measures to remedy and prevent the injury, after it knew or ought to have known that foreign currents were coming in. It is entirely left to the question of negligence." This was correct. Although the evidence tended strongly to show that the current generated by the defendant could not have produced the injury, that was nevertheless a question for the jury to determine. It could not be ruled as matter of law that the defendant was not liable if the injury was caused by a current that passed over its wires without its consent. It was liable, as the judge instructed the jury, if it negligently suffered such currents to pass over its wires after having been notified thereof and injury was thereby caused to the plaintiffs' property. The plaintiffs were not bound to show where the currents came from or who was primarily responsible for them. See *James* v. *Boston Elevated Railway*, 204 Mass. 158.

*Exceptions overruled.*

*C. H. Walker*, for the defendant.

*W. A. Pew*, for the plaintiffs, was not called upon.