MARY A. CAIN *vs.* SOUTHERN MASSACHUSETTS TELEPHONE
COMPANY.

FRANK B. CAIN *vs.* SAME.

Plymouth.    October 7, 8, 1914. — December 30, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* In use of electricity.    *Telephone.    Electricity.    Evidence, Res ipsa loquitur,* Presumptions and burden of proof, Opinion: experts.    *Practice, Civil,* Exceptions.

In an action by a woman against a telephone corporation for personal injuries alleged to have been caused by an electric shock, due to a defect in the defendant's telephone apparatus, which the plaintiff received when she lifted the receiver to her ear, if there is evidence on which the jury can find that the plaintiff suffered a severe attack which kept her in bed for eight weeks under the care of a physician and that this attack was caused by an electrical shock communicated by the telephone apparatus, the plaintiff is entitled to go to the jury on the doctrine of *res ipsa loquitur,* and it is wrong for the presiding judge to direct a verdict for the defendant.

At the argument of a plaintiff's exception to the ordering of a verdict for the defendant, the defendant has no right to base his argument in support of the judge's ordering of the verdict on evidence introduced by him which the jury, had it been submitted to them, might have disbelieved.

At the trial of an action by a woman against a telephone corporation for personal injuries alleged to have been caused by an electric shock, due to a defect in the defendant's telephone apparatus, which the plaintiff received when she lifted the receiver to her ear, it is wrong for the presiding judge to refuse to allow a medical electrical specialist to testify, in answer to a hypothetical question put by the plaintiff and based on facts which the jury were warranted in finding, that in his opinion the cause of the physical condition in which the plaintiff was thrown on the occasion in question was an electrical shock; and the fact that the testimony of the expert, if given, would be directed to the issue which the jury have to determine does not make the hypothetical question incompetent.

Such an expert in answer to a similar hypothetical question properly may be allowed to testify that what happened to the plaintiff was that she received a severe electrical shock, the question and answer not being open to the objection that the electrical expert was called upon to express a medical opinion.

In an action of tort for personal injuries, if the plaintiff shows that his injuries must have been caused by one or more things, any one of which necessarily involved negligence of the defendant, the plaintiff has made out a case of specific negligence for the jury; but, if the jury are not satisfied that any one of the things shown by the evidence caused the accident and if the accident

was of such a character that its happening is in itself evidence of the defendant's negligence, the fact that the plaintiff has introduced evidence as to the possible specific causes does not preclude him from falling back upon the doctrine of *res ipsa loquitur*.

TWO ACTIONS OF TORT described in the opinion. Writs dated December 1, 1910.

In the Superior Court the cases were tried together before *Ratigan, J.,* who at the close of the evidence, which is described in the opinion, in each case ordered a verdict for the defendant. The plaintiffs alleged exceptions.

*G. R. Farnum,* for the plaintiffs.

*J. N. Clark,* for the defendant.

LORING, J. The first action is brought against the defendant to recover compensation for alleged electrical shocks received by the plaintiff on the allegation that they were caused by the defective condition of the defendant's telephone apparatus. The second action is by the husband of the plaintiff in the first action for expenses incurred by him in connection with his wife's injuries the subject of the first action. The second action depends upon the same facts and rules of law as the first.

We take up the consideration of the first. There were two counts in the first action, one based on an alleged electrical shock on January 6, 1909, the other upon an alleged electrical shock on May 13, 1910.

The plaintiff testified in substance that on January 6, 1909, she went to her telephone, turned the crank, lifted the receiver to her ear as she always had done and as she did it she received a stunning blow, her hands flew up and stiffened right out, she had severe darting pains and queer feelings all over her, she got dazed and had a faint recollection of trying to get help. This was at half past nine o'clock in the morning. The next she knew she was in the sitting room and her family physician Dr. Noyes was there. She was told that it was about noon. At that time she felt very sick, was suffering very severe pain, could not move her left leg at all nor her left arm, and the fourth finger of her right hand stood out straight. Her pains were all over her body, her head ached terribly and she was put to bed and stayed there for eight weeks at least and was attended by Dr. Noyes daily for five or six weeks.

On these facts the plaintiff has invoked the doctrine of *res ipsa loquitur*. The defendant contends that the plaintiff cannot invoke that doctrine because on the evidence the jury were not warranted in finding that the physical condition into which she was thrown on the sixth of January was caused by an electrical shock. But we are of opinion that the testimony of Dr. Noyes made out a case for the jury on that point. Dr. Noyes testified (in substance) to the condition of the plaintiff on January 6, which she testified to and which is stated above. On direct examination Dr. Noyes testified that "the condition that he found upon his arrival the morning of January .6, 1909, in his opinion was consistent with an electrical shock being sustained by Mrs. Cain that morning, and from his personal knowledge of the case and his examination, and his previous knowledge of Mrs. Cain's history, he did not discover any other cause. . . . Neither the occurrence in January, 1909, nor the occurrence in May, 1910, did he diagnose as electrical shock." On redirect examination he was asked what he meant when he testified that he did not diagnose "it" as electrical shock, and his answer was: "I never stated to the family that I felt her condition was due entirely to the effects of an electrical shock;" that he stated it was "consistent with an electrical shock;" that he did not discover any other cause for "it." On recross-examination he was asked this question: "Had you been told that she had suddenly learned of the death of her husband under tragic conditions, or something of that kind, you would have said that would have been entirely adequate to have produced her condition, would n't you?" (meaning her condition on January 6, 1909), to which he answered "No, I don't think so." He then was asked this question: "Well, if you were told that she received some sudden fright or some mental—" to which Dr. Noyes answered: "No, there was something more than a hysterical attack in that attack of January, 1909." It is impossible to contend that on this testimony the jury were not warranted in finding that the plaintiff's condition on January 6, 1909, was caused by an electrical shock. If the jury could find that what happened to the plaintiff on January 6, 1909, was caused by an electrical shock, she had a right to invoke the doctrine of *res ipsa loquitur*. See for example *Cahill* v. *New England Telephone & Telegraph Co.* 193 Mass. 415; *Beattie* v. *Boston*

*Elevated Railway,* 201 Mass. 3; *Steverman* v. *Boston Elevated Railway,* 205 Mass. 508. The ruling of the judge directing a verdict for the defendant on the first count was wrong and the exception taken to that direction must be sustained.

It is not necessary to consider at length the defendant's argument. It is enough to say that it is in the main based on the erroneous assumption that a defendant in arguing in support of a ruling directing a verdict in his favor has a right to rely upon evidence which he has introduced. The time has long gone by when it ought to be necessary to refer to the doctrine of *Lindenbaum* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 314.

The evidence as to the occurrence of May 13, 1910, covered by the second count, was much weaker than that as to the occurrence on January 6, 1909. But taking the evidence as a whole we are of opinion that a case was made out on the doctrine of *res ipsa loquitur,* with respect to the occurrence on that date.

As the cases must go back for new trial we take up some of the questions which may occur there. The presiding judge refused to allow a medical electrical specialist to testify on a hypothetical case, based on facts which the jury were warranted in finding, that in his opinion the cause of the physical condition into which the plaintiff was thrown on January 6 was an electrical shock. The fact that the testimony of this expert if given would have been directed to the issue which the jury had to determine did not make the hypothetical question incompetent. The judge was wrong in refusing to allow the question to be answered. On the other hand the judge was right in allowing the electrical expert to testify on a similar hypothetical question that what happened to the plaintiff was that she received a severe electrical shock. This question and answer are not open to the objection that the electrical expert was called upon to express a medical opinion. Plainly the question asked was intended to obtain an opinion as to the electrical aspects of the occurrence not as to its medical aspects. That is to say the purpose of the question was to get the opinion of an expert that upon the facts stated and looking at the matter from an electrical point of view an electrical shock took place and that it came from the defendant's apparatus.

Under these circumstances it is not necessary to go at length

into the question of the case of specific negligence on the part of the defendant which the plaintiff made out. We are of opinion that the plaintiff did make out a case of specific negligence on the defendant's part. To make out a case of specific negligence it is not necessary for the plaintiff to put her hand on the specific thing which caused the accident. It is enough to make out a case of negligence (apart from questions of pleading) for the plaintiff to prove that the accident must have been caused by one or more of several things. *James* v. *Boston Elevated Railway,* 204 Mass. 158. *Tobin* v. *Pittsfield Electric Street Railway,* 206 Mass. 581. *Cook* v. *Newhall,* 213 Mass. 392, 395. In case the jury were not satisfied that the plaintiff was right in her contention as to the specific negligence she undertook to prove she had a right to fall back upon the doctrine of *res ipsa loquitur.* *Cassady* v. *Old Colony Street Railway,* 184 Mass. 156. *Cook* v. *Newhall,* 213 Mass. 392. *Cleary* v. *Cavanaugh, ante,* 281.

The entry in both cases must be

*Exceptions sustained.*