FRED H. BROWN, administrator, *vs.* JOHN P. DALEY.

FRED H. BROWN, administrator, *vs.* SAME.

Middlesex.   November 7, 1930. — December 1, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Negligence,* Motor vehicle, Of child, Of person in charge of child. *Evidence,*
Presumptions and burden of proof  Matter of conjecture.

At the trial of actions by administrators against the operator of an auto-
mobile for causing through negligence the death of children respectively
five and seven years of age, who were run over by the automobile, there
was evidence for the plaintiffs that the automobile was travelling down
a snowy public way at a high rate of speed without chains on the
wheels; that the defendant did not use his emergency brake; that he
ran over the children at a point on a private way leading from the
public way, and that the parents of the children had taken precau-
tions to keep the children from the public way; and there was evidence
for the defendant that he was travelling down the public way slowly,
when the children on a sled shot out from the private way on to the
public way, on which coasting was prohibited, and stopped on a bare
spot in the public way, and that the defendant did all he could to
avoid the accident but was unable to do so.  The jury, in answer to a
special question, found that the children were not coasting on or across
the public way; and found for the plaintiffs. *Held,* that
     (1) The actions properly were submitted to the jury who on the
conflicting evidence were warranted in finding negligence of the de-
fendant;
     (2) It could not be ruled as a matter of law that the children were
careless;
     (3) In view of the evidence as to the parents' care and of the special
finding by the jury, it could not be ruled as a matter of law that negli-
gence of the parents was to be imputed to the children;
     (4) Although the whole evidence might not point out the precise
way in which the accident occurred, it was sufficient to warrant a
finding that the defendant's negligence caused the death of the children:
the cause of the accident was not left to conjecture.

TWO ACTIONS OF TORT, the first by the administrator of
the estate of Frederick John Brown, and the second by the
administrator of the estate of Louise Gertrude Brown.
Writs dated December 15, 1927.                ·

In the Superior Court, the actions were tried together

before *P. J. O'Connell,* J. Material evidence is stated in the opinion. The judge denied motions, filed by the defendant at the close of the evidence, that verdicts be ordered for the defendant. The jury answered in the negative the following question: " Were the children, at the time of the accident, or just before the accident coasting on or across Union Street? " There were verdicts for the plaintiffs, respectively, in the sums of $5,000 and $5,500. The defendant alleged exceptions.

*A. E. Yont,* for the defendant.

*G. L. Ellsworth,* (*M. M. McChesney* with him,) for the plaintiffs.

CARROLL, J. These actions of tort are to recover for the death and conscious suffering of two minor children of the plaintiff. The count for conscious suffering in the case of Frederick J. Brown was waived.

The defendant on January 14, 1926, " about 4:45 o'clock in the afternoon," was travelling in his automobile on Union Street, Natick, in a southeasterly direction. Previously to this there had been " a rather heavy fall of snow which covered the ground at the time of the accident. Union Street had been plowed but the snow was banked on both sides. In the direction the defendant was travelling just prior to the accident, about one hundred feet back, was a ten grade curvature in the road and from that point on it was straight for some distance." The defendant was going down grade, the decline being approximately seven per cent. Frederick J. Brown, who was about five years of age, was instantly killed. Louise G. Brown was seven years old; she died after having consciously suffered. The children lived with their parents on Union Street. On the defendant's right hand side of the street as he was driving a private driveway led to the home. He testified that on his right there was a " bank of snow and then a wall with a hedge, the wall being about two feet high and the hedge averaging ten feet . . . . the wall curving around to the right up to the driveway and offering some obstruction to his view." It was agreed that coasting on Union Street was prohibited. The defendant testified that when he was

twelve or fifteen feet from the driveway, moving at the rate of ten to fifteen miles an hour, " suddenly an object shot out from the privateway, on his right, in to Union Street, struck a bare spot ·in the middle of the right hand portion of the street and stopped. He immediately put on his brakes but was unable to avoid striking the object which he afterwards found to be the two children on the sled "; that " His automobile turned completely around, the front turning to the left, and when it stopped it was on the opposite side of Union Street facing upgrade, and the children caught under the wheels with the sled." The jury found that the children were not coasting on or across Union Street. They viewed the premises and found for the plaintiff in each case.

The defendant testified that he had chains on his rear wheels, but there was evidence tending to show that there were no chains on the defendant's car. One witness who was riding with the defendant testified that " he was watching Daley operate the automobile just before the accident. That he saw Daley apply the foot brakes but did not see Daley take his hands off the wheel or see how he could apply his emergency brakes just before the accident "; that " emergency brakes help to stop a car quicker."

The plaintiff testified .that " there were no bare spots on Union Street; that he had put ashes on the foot path ·on Wednesday morning and again on Sunday all the way down to the road in the foot path "; that he found a portion of the broken sled " about a foot from the wall . . . four feet from Union Street between the foot path and the wall." There was evidence that blood was found " a little ways in from the path near a stone wall "; that " the snow was all roughed up about the path in the driveway " and there were pieces of the sled " inside the driveway "; that " the snow had been pushed up as though something had skidded "; that the witness followed the marks down the street and they showed that the distance from " where they started . . . [to] where they ended . . . was about sixty feet "; that from the entrance of the driveway they

started and " swished around down here and ended about down here," (indicating on a plan). A witness described the marks where the snow had been disturbed saying, " it started two thirds across the entrance, going in the direction of South Natick, went into the driveway about a foot or eighteen inches, then continued about around here and ended up about five feet on the other side of the street." A mitten which was one of the exhibits in the case was found in the foot path. The mother of the children testified that shortly before the accident they were " playing in front of the house "; that an older sister went on an errand " leaving the two children who were later involved in the accident, coasting in the orchard back of the house; that the two children wanted to go with their sister but she told them to stay right around the house "; that she had frequently instructed them " never to leave the grounds if they were going to coast, but to coast in the orchard where their father had made a coast for them; that the children were obedient."

The jury viewed the premises and could determine the extent, if any, to which the view of an operator approaching the place would be obscured. They saw the driveway, the width of the street and its grade. The credence to be given to the testimony was for them to decide. They could have accepted the explanation given by the defendant or could have believed some parts of it and rejected others. If they found that the defendant was driving without chains and did not use his emergency brake, and, if, from the marks in the snow indicating the distance the machine travelled after the collision and the other circumstances, including the marks on the driveway and the place where the blood and piece of the sled were discovered, they found he was driving at a high rate of speed or did not begin to stop his car until he was on the driveway, or that in going as he did he went upon the driveway, they could find he was negligent, and in our opinion this question, although it is close, was properly submitted to the jury. See *Lonergan* v. *American Railway Express Co.* 250 Mass. 30.

It could not be said that as matter of law the children were careless. This question was also left to the jury properly.

If the children were coasting on Union Street they could not recover. *Labay* v. *Leiken,* 252 Mass. 579. But it was found they were not so coasting. The jury could take into account the grade from the house, the condition of the driveway and the footway, the absence of any marks in the driveway except wheel marks, the depth of the snow, the ashes and the absence of a bare place in the street. The mitten was not in the street but near the stone wall, part of the sled was in this place, and, as we understand the record, this was where the blood was seen. The jury may have found that the children were not upon the street but were on the driveway or footway when struck. Negligence on the facts shown here is not to be imputed to the parents. See *Ayers* v. *Ratshesky,* 213 Mass. 589.

Although the whole evidence may not point out the precise way in which the accident occurred, it was sufficient to warrant a finding that the defendant's negligence caused the injury to the plaintiffs. *Cook* v. *Newhall,* 213 Mass. 392, 395. *James* v. *Boston Elevated Railway,* 204 Mass. 158, 162. *Cain* v. *Southern Massachusetts Telephone Co.* 219 Mass. 504, 508. The case at bar is to be distinguished from cases like *Bigwood* v. *Boston & Northern Street Railway,* 209 Mass. 345, 348, and *Whalen* v. *Mutrie,* 247 Mass. 316.

In each case the entry must be

*Exceptions overruled.*