Wilson, J.
This is an action of tort in which the plaintiff seeks to recover for injuries received by him as the result of a collision with the defendant’s automobile on or about February 10, 1935. The answer was a general denial and contributory negligence.
The trial court made certain Findings of Fact, Rulings of Law and Finding, which, so far as material to the issues raised before us, are as follows:
'' There was undisputed testimony as follows:
“That on the afternoon of the accident the plaintiff had been coasting on Boardman Street in Amesbury, and that the coasting was from Market Street down Boardman Street. That Market Street as it approaches Boardman Street is slightly down grade.
“That at the time of the accident there was considerable snow along the rsides of both streets; that the center of Market Street had been plowed bare, leaving room for two automobiles to pass on the bare surface ; that on either side of the bare road, there was a base of ice or frozen snow remaining from an earlier storm on which was piled the snow plowed from the road in the latest storm; that this pile of snow extended along the street and was from 3% to 4 feet high; that it was used by children to walk and stand on; that the ice base on which this snow rested projected on the road side of the pile about four feet and had only a slight rise from the bare road; that the snow pile on this base rose sharply from the ice base.
“That late in the afternoon the plaintiff stopped coasting and went home to his supper, taking with him a sled belonging to a boy living on Boardman Street; that his mother learning he had the sled instructed him *176 to return it immediately after supper; that after supper he went haelc with it and was sitting on it on the top of the snow pile on Market Street, in close proximity to the junction of Boardman Street, just prior to the accident.”
The defendant claimed the plaintiff was coasting on a restricted street at the time of the accident and so not entitled to recover. On this branch of the case
“The plaintiff’s testimony, on direct examination, was to the effect that having reached the vicinity of the coasting place on his return with the sled, he sat on the sled on the snow pile to rest, facing Market Street with his back to Boardman Street, and that he had not coasted up to the time of the accident. Upon cross examination, after testifying that he had not coasted after supper, in answer to leading questions, he testified that he had intended to coast again before he returned the sled, and that after reaching the coasting place he did coast again, that both in the afternoon, and after coming back in the evening, he coasted down the snow pile into Market Street. ’ ’
The defendant claimed the plaintiff was conclusively bound by his answers in cross examination.
On this branch of the case the trial court ruled as fol-
“I rule that under all the circumstances the plaintiff is not bound by this testimony on cross examinatian. He is an undersized, poorly nourished child of nine years, of limited mentality, who knew his age but not when his birthday comes, and invariably answered every leading question in the affirmative. Many of the questions were directly to his sliding ‘there’ or ‘at that place. ’ All of the occurrences took place in a very small area less than 25 feet square, and it was apparent that the plaintiff had no realization of the materiality of the relation of his position and his action to the various parts of the locality.
“There was testimony from police officers and others, including two boys who were coasting* at the *177 .time of the accident, that after the accident the only sled tracks leading from the snow pile into Market Street, were those made by the plaintiff’s sled at the time of the accident; that there were no other tracks down the snow pile into Market Street; that what coasting there was, was down Boardman Street away from .Market Street; that the plaintiff had not coasted after his return in the evening but had sat on the sled on the top of the snow pile for from five to ten minutes prior to the accident, ‘resting’.
“I rule, therefore, that applying the rule of Hill v. West End St. Ry., 158 Mass. 458, 459, and Whiteacre v. Boston Elevated Ry., 241 Mass. 163, 165, the plaintiff is not bound by his own testimony upon cross examination but is entitled to the benefit of the testimony of the other witnesses as to what occurred at the time of the accident.”
This ruling of the court was correct. Joughlin v. Federal Motor Transportation Co., 279 Mass. 408, 409. Sooserian v. Clark, 287 Mass. 65, 67, where the court stated the rule as follows:
“It could not have been ruled as matter of law that on the testimony of the plaintiff, by which he is bound except as he is entitled to the benefit of any more favorable explanation of the accident presented by the evidence, the burden resting on the defendants of proving contributory negligence on the part of the plaintiff had been sustained.”
See also Paull v. Radlo, Mass. Adv. Sh. (1936) 537, 541.
The trial court had the opportunity to observe the plaintiff, his mentality and general appearance on the witness stand, as well as those of the police officers and other witnesses. We cannot say under such circumstances he was not justified in finding as a fact that the plaintiff was not engaged in coasting at the time of the accident.
The trial court found on all the evidence, including a view of the locality,
*178 “that after Ms supper the plaintiff returned from Ms home on Friend Street to Market Street, a distance of more than half a mile, that he was carrying a sled which he could not drag because it had no rope upon it; that after ascending the grade of Market Street, he climbed up on the snow pile with the sled and sat down on it to rest, facing Market Street, or westerly, with the sled pointing toward Market Street; that to his right, or to the north, about ten feet away, was Board-man Street, on which children were sliding in an easterly direction; that after his supper and prior to the accident, the plaintiff did not coast, although he intended to coast at least once before returning the sled; that neither then, nor in the afternoon, did he or any other cMldren coast in a westerly direction on Market Street from the snow pile into that street; that coasting on Market Street or on Boardman Street was proMbited and was a violation of the town by-laws; that while the plaintiff was still sitting on the sled on the snow pile the defendant’s automobile approached coming up Market Street from Market Square, in a northerly direction; that it was being operated at a speed of from fifteen to twenty miles an hour, on the right hand side of the road and at a distance of from eighteen inches to two feet from the bottom of the snow bank on which the plaintiff was sitting, its right wheels being on the icy shoulder which formed the base of the snow pile; that there was a car parked on the other side of Market Street some fifty feet .southerly from where the plaintiff was sitting but that there was no other traffic, moving or standing on Market Street at the time; that the defendant did not change the course of his automobile after passing the parked car or reduce its speed but continued in the same direction, at the same speed, and at the same distance from the snow pile as before; that as he approached Boardman 'Street, the defendant blew his horn to warn children in that vicinity; that when the defendant was fifty feet away he saw the plaintiff sitting on Ms sled on the snow pile and two other children standing on the snow pile near the plaintiff; that the plaintiff saw the defendant’s car approaching and called out a warning to two girls nearby to look out for the automobile; that *179 the plaintiff then made an effort to push his sled back on the pile in an easterly direction; that the sled, instead of going in that direction, slipped forward, carrying the plaintiff with it, in a westerly direction, down the pile into Market Street, the plaintiff’s head striking the right rear wheel of the defendant’s automobile . . . that the spot where the plaintiff’s head struck the automobile was from eighteen inches to two feet from the snow pile.”
“I find that the plaintiff was in the exercise of due care.”
“I find that the defendant was negligent in driving so close to the snow pile when there were children upon it, and the whole width of the road was available for his passage, and in not reducing his speed as he approached the intersection where the coasting was going on.”
There was also evidence tending to show that the accident happened about 6:10 P. M.; that the headlights on the defendant’s automobile were lighted; that the plaintiff saw the automobile approaching, and when testifying indicated with his hands the distance from the bottom of the snow bank, at which the automobile was, as five to six feet; that after the accident there was a “scuffed” place, about eight feet long, at the foot of the snow bank, and a blood spot on the icy base of the bank eighteen inches to two feet from, the bottom of the snow pile.
The defendant filed six requests for rulings of which the court gave the first, second and sixth, all referring to the legal effect of coasting on the streets referred to, “as correct statements of law, but find as a fact the plaintiff was not coasting.”
Whether or not there was a violation of the town ordinance or by-laws was a question of fact. Patrican v. Garvey, 287 Mass. 62. Nicoli v. Berglund, Mass. Adv. Sh. (1936) 495, 497.
*180 And whether or not the plaintiff was coasting in the street was properly passed upon by the court as a question of fact. Brown v. Daley, 273 Mass. 432.
The trial court also gave the fifth request and found as a fact “there was no wanton or reckless conduct on the part of the defendant.”
The remaining requests were as follows:
“3. The plaintiff was guilty of contributory negligence.
“4. The defendant on the evidence was not negligent.”
These requests were refused by the trial court “because I find as facts that the plaintiff was not contributorily negligent, and that the defendant was negligent.”
These two requests present the only remaining questions for our consideration. Whether there was contributory negligence on the part of the plaintiff was a question of fact. Hedman v. Morse, 278 Mass. 437, 438. McSorley v. Bisdon, 278 Mass. 415, 416. O’Connor v. Hickey, 268 Mass. 454, 458. Barrett v. Checker Taxi Co., 263 Mass. 252.
Contributory negligence of the plaintiff was an affirmative defence and the burden of proving it rested upon the defendant. Gr. L. (Ter. Ed.) ch. 231, §85. Horneman v. Brown, 286 Mass. 65, 67. Pease v. Lenssen, 286 Mass. 207, 208. And whether that burden has been sustained was a question of fact. Crowley v. Freeman, Mass. Adv. Sh. (1935) 1409. Poulos v. Labbe, Mass. Adv. Sh. (1935) 1427.
“It could not have been ruled as matter of law that the plaintiff was negligent. Whatever his capacity of exercising care for his safety, he was entitled, under Gr. L. (Ter. Ed.) eh. 231, §85, to the benefit of the presumption that he exercised the care to be expected of a child of his age under like conditions.” DeFuria v. Mooney, 280 Mass. 447, 449.
There was ample evidence to support the finding of the trial court that no negligence of the plaintiff contributed to *181 the accident. He was alert; he saw the defendant coming and the position of the defendant’s automobile with relation to his place upon the snow pile. He warned his playmates of the danger and attempted to move back on the snow pile to a place of greater safety. It can not be said, upon the view of the evidence most favorable to the plaintiff with all reasonable inferences to be drawn therefrom, that the court erred in refusing the defendant’s third request. Sarmento v. Vance, 231 Mass. 310.
The defendant’s fourth request could have been properly refused because wanting in the specification required by District Court Rules (1932) XXVII.
The trial court did not take that position, however, and we, therefore, consider it as properly raising the issue of the defendant’s negligence.
"Whether the defendant was negligent presented a question of fact. Here again the evidence must be considered in its aspect most favorable to the prevailing party. Karjavainen v. Buswell, Mass. Adv. Sh. (1935) 445, 446. Shea v. American Hide & Leather Co., 221 Mass. 282, 283. Topjian v. Boston Casing Co., Inc., 288 Mass. 167. Lincoln v. New York, New Haven & Hartford Railroad, Mass. Adv. Sh. (1935) 1477, 1478. And the finding of the trial court will not be disturbed if there is any evidence to support it. Mahoney v. Norcross, 284 Mass. 153. Moss v. Old Colony Trust Co., 246 Mass. 139, 143. Scriggins v. Thos. Dalby Co., Mass. Adv. Sh. (1935) 1095, 1102.
The credibility of the testimony of the witnesses, including the parties, was entirely for the trial court. Engel v. Checker Taxi Co., 275 Mass. 471, 476. Brown v. Daley, 273 Mass. 432. Hogan v. Whittemore, 278 Mass. 573. Commonwealth v. Davis, 284 Mass. 41, 51. Bresnick v. Heath, Mass. Adv. Sh. (1935) 2297, 2299.
*182 In the ease at bar the defendant saw the plaintiff and other children on the snow pile fifty feet away. He did not reduce his speed but continued to drive fifteen to twenty miles per hour. There was the evidence of the blood spot and the “scuffed” place in the snow to support the finding of the court that the defendant drove within eighteen inches to two feet of the snow bank on which the plaintiff and other children were. The remainder of the highway to his - left was free from traffic. The base of the snow bank presented an icy, slippery surface upon which the right wheels of his automobile were proceeding. He was within ten feet of an intersecting street where children were coasting. Evidence more favorable to the defendant might not have been believed. What the trial judge observed of the location on the view taken by him could be properly considered in arriving at his decision. Brown v. Daley, 273 Mass. 432. Whether the defendant was negligent was a question to be determined in the light of the testimony given by the witnesses and their appearance in giving their evidence, and all attendant circumstances. Sojka v. Dlugosz, Mass. Adv. Sh. (1936) 547, 550.
The trial court in the performance of his duty was warranted in finding the defendant was negligent. He should have slowed down and avoided passing so near to the plaintiff and the other children whom he had seasonably observed in a place of danger, when so much of the street to his left was free and unobstructed. Without reference to the provisions of Gf. L. (Ter. Ed.) ch. 90, § 14, or that his speed was unreasonable, it could be said “that the defendant violated the general obligation as to using care which the law put upon him.” Griffin v. Feeney, 279 Mass. 602, 604.
We find no prejudicial error on the part of the trial court and the report is dismissed.