### SHOEMAKER et al. v. MOUNTAIN STATES TELEPHONE & TELEGRAPH CO.
### No. 989.

District Court, D. Idaho, E. D.
Jan. 9, 1937.

Anderson, Bowen & Anderson, of Pocatello, Idaho, for plaintiff.

Milton Smith, Jr., and E. R. Campbell, both of Denver, Colo., and Merrill & Merrill, of Pocatello, Idaho, for defendant.

CAVANAH, District Judge.

This is an action to recover damages for personal injuries to the plaintiff Dora Shoemaker alleged to have been caused by an electrical shock which suddenly struck her when using a telephone installed by defendant in the home of the plaintiffs.

In substance it is alleged in the amended complaint that the plaintiff Shoemaker entered into a contract with the defendant under the terms of which defendant installed in the home of plaintiffs a telephone, and that it was defendant's duty to inspect and maintain it in reasonably safe condition for the use of the plaintiffs and their family; that on July 23, 1936, in the home of the plaintiffs, the plaintiff Dora Shoemaker was called to the telephone and talked with a Mr. Lot, over it, in the usual and ordinary manner, and when in doing so she took hold of a small stand about one foot in height with one hand, attached to the top of the stand was the transmitter of the telephone, and she then took hold of the receiver of the telephone with the other hand, at which time, by reason of the negligence of the defendant in the operation of the telephone system she was suddenly struck by electricity and instantly and violently knocked down, which resulted in her receiving certain injuries.

The defendant challenges the sufficiency of the facts so alleged as to constitute liability on its part by demurrer and motion to make more definite. The demurrer is both general and special. The special grounds are for uncertainty and ambiguity in: (a) That it is not alleged whether the contract of installing the telephone was oral or in writing nor the terms thereof, and if in writing, demand is made that it be set out hæc verba; (b) it is not alleged wherein there was any failure on the part of the defendant to maintain the telephone in a reasonably safe condition; (c) no facts are alleged showing negligence of the defendant in the operation of the telephone system; (d) no facts are alleged upon which a conclusion of negligence can be predicated; and (e) it cannot be determined from the amended complaint what acts or omissions of the defendant would be urged as constituting negligence causing the injuries to the plaintiff Dora Shoemaker.

The motion to make more definite requests that the plaintiff be required to set out with more particularity the following: (a) The character and nature of the contract alleged and the nature of defendant's violation thereof; (b) the source of the electricity which struck the plaintiff Dora Shoemaker; (c) the character

and nature of the particular acts or omissions which plaintiff will contend constitute negligence of the defendant; and (d) the amount of money which plaintiffs allege they paid for medicine, hospital treatment, services of physician etc.

The theory of the plaintiffs is that the amended complaint comes within the rule of res ipsa loquitur, charging negligence in general terms, and when it is made to appear that the telephone system was under the management of the defendant and that the accident was such that in the ordinary course of things does not happen if those who have such management use proper care, the fact the accident happened affords reasonable evidence in the absence of explanation by the party charged that it arose from the want of proper care. It appears that the telephone system was under the charge of the defendant, who installed it; that it was its duty to keep it up; and that an injury occurred while plaintiff Dora Shoemaker was using the telephone in the ordinary way. These facts bring the case under the rule advanced by the plaintiffs, and under that rule it is not incumbent upon plaintiffs to set out specifically the negligent acts or omissions complained of. The clear statement of the maxim "res ipsa loquitur" which is adopted by the courts generally is that the doctrine of res ipsa loquitur is that: "When a thing which has caused an injury is shown to be under the management of the party charged with negligence, and the accident is such as in the ordinary course of things will not happen if those who have such management use proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the parties charged, that it arose from the want of proper care." Feldman v. Chicago Railways Co., 289 Ill. 25, 124 N.E. 334, 338, 6 A.L.R. 1291. The maxim "res ipsa loquitur" is stated to mean, by Mr. Justice Holmes, in Graham v. Badger, 164 Mass. 42–47, 41 N.E. 61: " 'Res ipsa loquitur,' which is merely a short way of saying that, so far as the court can see, the jury, from their experience as men of the world, may be warranted in thinking that an accident of this particular kind commonly does not happen except in consequence of negligence, and that therefore there is a presumption of fact, in the absence of explanation or other evidence which the jury believe, that it happened in consequence of negligence in this case."

Judge Wilbur, when on the Supreme Court of California, said that: "The general rule is that, where the plaintiff in his complaint gives the explanation of the cause of the accident, that is to say, where the plaintiff, instead of relying upon a general allegation of negligence, sets out specifically the negligent acts or omissions complained of, the doctrine of res ipsa loquitur does not apply." Connor v. Atchison, T. & S. F. R. Co., 189 Cal. 1, 207 P. 378, 379, 26 A.L.R. 1462; Southern Pacific Co. v. Hanlon (C.C.A.) 9 F.(2d) 294; White v. Chicago G. W. R. Co. (C.C.A.) 246 F. 427; The Great Northern (C.C.A.) 251 F. 826.

The doctrine merely means that it is a thing that speaks for itself and cannot be relied upon by the plaintiff who alleges specific acts of negligence as cause of injury. San Juan Light & T. Co. v. Requena, 224 U.S. 89, 32 S.Ct. 399, 56 L. Ed. 680; Doughnut Mach. Corporation v. Bibbey (C.C.A.) 65 F.(2d) 634; Kaemmerling v. Athletic Mining & Smelting Co. (C. C.A.) 2 F.(2d) 574; May Department Stores Co. v. Bell (C.C.A.) 61 F.(2d) 830. The facts in the present case seem to be analogous to those in the case of Memphis Consol. Gas & Electric Co. v. Letson (C.C. A.) 135 F. 969, where it is said: "Where a customer of an electric light company was killed, while turning on a light in the house, by the crossing of the primary and secondary wires at the transformer in the street, the jury, in the absence of explanation, may infer negligence from the happening of the accident, though the wires were properly installed, but the court is not required to say whether it should be presumed." Houle v. Helena Gas & Electric Co. (C.C.A.) 31 F.(2d) 671.

The state courts universally recognize this to be the correct rule, as it is said that: "Where plaintiff was injured by an alleged electric shock when she took off telephone receiver and held the instrument with her fingers around a metal hook for the receiver, and her symptoms indicated electric shock, defendant's contention that its liability was predicated upon a presumption based upon a presumption was without merit, ignoring distinction between presumption and proof by circumstances or inference." Joyce v. Missouri & Kansas Telephone Co. (Mo.App.) 211 S.W. 900; Delahunt v. United Telephone & Telegraph Company, 215 Pa. 241, 64 A. 515, 114 Am.St.Rep. 958; Whitmore v. Herrick, 205 Iowa, 621, 218 N.W. 334, 337.

594

The Supreme Court of Massachusetts in the case of Cain v. Southern Massachusetts Telephone Company, 219 Mass. 504, 107 N.E. 380, where the facts appear to be that the plaintiff went to her telephone turned the crank, lifted the receiver to her ear as she always done, and as she did it she received a sudden blow and was injured, and the doctrine of res ipsa loquitur was invoked and upheld by the court. We find that is not demurrable if a general allegation of negligence is properly connected with the facts adaptable to res ipsa loquitur, where it is said: "Throughout the country, the courts, almost without an exception, permit the 'res ipsa loquitur' rule to apply under general, as distinguished from special, 'allegations of negligence.' Demurrer will not lie in such instance, and a motion for more specific statement could not be successful, if the 'general allegation' is properly connected with the facts adaptable to 'res ipsa loquitur.'" Whitmore v. Herrick, supra; Roster v. Inter-State Power Co., 58 S.D. 521, 237 N.W. 738.

The special grounds of the demurrer are untenable as they are as to uncertainty and ambiguity, which relate to uncertain meaning and doubt as to what is pleaded, and not a failure to allege what is omitted.

The fact that reference is made in the amended complaint that the defendant had a contract to install the telephone in the plaintiffs' home and failure to allege whether it was in writing or oral presents grounds of uncertainty does not come under the provisions of section 5-804, I.C.A., as that statute only relates to a cause of action or defense founded upon contract and not to action in tort as the present case is. The contract only forms a relationship of the parties.

The conclusions thus reached require the overruling of the demurrer and motion to make more definite.