## CATHERINE RILEY *vs.* MICHAEL LALLY.

Middlesex. November 9, 1898. — November 23, 1898.

Present: FIELD, C. J., HOLMES, MORTON, & LATHROP, JJ.

*Eviction — Landlord and Tenant — Trial — Exceptions.*

It is within the discretion of the judge presiding at a trial, when the plaintiff has rested, to entertain a motion by the defendant to direct the jury to return a verdict for him.

At the trial of an action by the assignee of a lease for an eviction from the leased premises, consisting of a store and the cellar under it, it appeared that the store was closed by somebody for several days after the assignment of the lease, to which the defendant had assented; and that the door to the cellar from the bulkhead on the outside of the premises was fastened at or about the same time by a bar on the inside, and remained fastened for a longer period of time. There was no evidence that the defendant closed the store as distinguished from the cellar; but the evidence was that he refused to open the cellar door at the foot of the bulkhead, and said that he would not open it until he got a sum named. A witness testified that, when the assignor was moving out, the defendant told the former that the cellar door was open if the assignor wanted to use it; and also testified that the bulkhead was open, but the door at the foot of the stairs was closed and fastened. The assignor testified that he never received any key to this door from the defendant, or anybody representing him, "and it was always open before the date they say it was closed." Neither the assignor nor the plaintiff saw the defendant close the door or fasten it, and did not know who did fasten it. *Held,* that it did not appear that the direction of a verdict for the defendant was wrong.

TORT, for an eviction from leased premises in Lowell. Trial in the Superior Court, before *Sherman,* J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. F. Manning,* for the plaintiff.

*D. J. Murphy,* for the defendant.

FIELD, C. J. These exceptions are almost unintelligible. They recite that the pleadings may be referred to. The defendant, it seems from the pleadings, let a certain store and the cellar under it to one John Lamb, by an indenture of lease for the term of three years from June 1, 1894. The lease provided that the lessee should not "permit any other person or persons to occupy or improve the same [the premises], or make or suffer to be made any alteration therein, but

with the approbation of the lessor thereto, in writing, having been first obtained." It is alleged that John Lamb by an indenture assigned this lease to the plaintiff, which assignment was assented to in writing by the defendant. The exceptions recite that this lease and assignment, with the written assent of the defendant thereto, were put in evidence. The plaintiff also introduced certain oral evidence, and when she rested, on motion of the defendant's counsel, the court directed the jury to return a verdict for the defendant. The court in its discretion could at this stage of the case entertain such a motion.

The declaration alleged that on August 6, 1894, the plaintiff " took lawful possession of the premises named in said lease and assignment by virtue thereof; and held peaceable and quiet possession of said premises until on or about September seventh, A. D. 1894, when she was unlawfully and without right evicted from all parts of said premises, for the space of about three days, by the said defendant, or by his authority, connivance, and consent; and further, the plaintiff says, that from on or about the said seventh day of September, A. D. 1894, the said defendant ousted and evicted her, unlawfully and without right, from the cellar named in said lease and assignment, and illegally deprived her of the peaceable and quiet enjoyment of said cellar (and broke his implied covenant for the same) for a long space of time thereafter; to her great damage and injury. And the plaintiff further says, that, in consequence of said illegal eviction and deprivation by the said defendant, she was forced and compelled to abandon her tenancy under said lease; and that she did abandon the same, in consequence of the said illegal acts of the defendant, to her great damage and injury."

It seems that the store above the cellar was closed by somebody from Wednesday to Saturday, after the assignment of the lease, and that the door to the cellar from the bulkhead on the outside of the premises was fastened at or about the same time by a bar on the inside, and remained fastened for a longer period of time. It is assumed in the brief of the plaintiff's counsel that the plaintiff could not get into the cellar from the store except by going outside and down this bulkhead through this door, but the exceptions do not distinctly show this. There is no evidence that the defendant closed the store as distinguished from

the cellar. The evidence is that he refused to open the cellar door at the foot of the bulkhead; that he said he would not open it until he got three hundred dollars. The conclusion of the exceptions is as follows: " *Q.* [To John A. Carroll.] (By Mr. Manning.) Did you hear Mr. Michael Lally say anything about it? *A.* The last Saturday we were moving out he come to me and told me that his cellar door was open if Mr. Lamb wanted to use it. I told him I had nothing to do about it. The bulkhead was open, but the door at the foot of the stairs was closed and fastened. Mr. Lamb testified that he never received any key to this door from Mr. Lally, or anybody representing him, and it was always open before the date they say it was closed. Neither Mr. Lamb nor Mrs. Riley saw Mr. Lally close the door or fasten it, and don't know who did fasten it. No issue is raised as to the inside cellar door, or the entrance to the store from the street up stairs."

No evidence is recited that the plaintiff abandoned the possession by reason of the cellar door being barred, unless that is to be inferred from the testimony of Carroll above stated, and we think that this testimony is not sufficient to support such an inference. We are of opinion that, on the evidence recited in the exceptions, it does not appear that the ruling of the court was wrong. There is not sufficient evidence recited to show an expulsion of the tenant by the landlord from a part of the premises, done with the intention of depriving the tenant of the enjoyment of such part, to which the tenant yielded, and in consequence of which she abandoned possession of the premises. See *Bartlett* v. *Farrington*, 120 Mass. 284.

*Exceptions overruled.*