JOHN E. JOSEPH *vs.* GEORGE C. WHITNEY COMPANY.

Worcester.   October 1, 1900. — November 28, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Employers' Liability Act — Act too remote from Superintendence.*

At the trial of an action for personal injuries the only question was whether the negligent conduct of M., the superintendent, was so connected with the superintendence he was exercising at the time as to bring the case within the employers' liability act, St. 1887, c. 270, § 1, cl. 2. The plaintiff properly had his hand between the jaws of an embossing machine, the power being off. Another workman called to M. for instructions. M. leaned over between the plaintiff's machine and that of the other workman, with his back to the plaintiff's, and may be supposed accidentally to have touched the shipper and so to have started the plaintiff's machine. The jaws closed and injured the plaintiff's hand. *Held,* that the act of M. was too remote from superintendence.

TORT, for personal injuries, under the employers' liability act, St. 1887, c. 270, occasioned to the plaintiff while in the defendant's employ. Trial in the Superior Court, before *Gaskill,* J., who, at the close of the plaintiff's case, directed the jury, at the request of the defendant, to return a verdict for the defend-

ant; and the plaintiff alleged exceptions, which appear in the opinion.

*W. Thayer*, (*H. W. Cobb* with him,) for the plaintiff.

*G. S. Taft*, for the defendant.

HOLMES, C. J.    This is an action for personal injuries which, for the purposes of the case, may be assumed to have been caused by the negligence of one Meyer, the defendant's superintendent. The action is brought under the employers' liability act, St. 1887, c. 270, § 1, cl. 2; and the only question is whether the negligent conduct was so connected with the superintendence which Meyer unquestionably was exercising at the time as to bring the case within the clause referred to.    The material facts are few.    The plaintiff properly had his hand between the jaws of an embossing machine, the power being off.    Another workman called to Meyer for instructions.    Meyer came and leaned over between the plaintiff's machine and that of the other workman, with his back to the plaintiff's, and may be supposed accidentally to have touched the shipper and so to have started the plaintiff's machine.    The jaws closed and cut off the greater part of the plaintiff's hand.    On these facts the judge directed a verdict for the defendant, and the plaintiff excepted.

Obviously the fact that a person is engaged in superintendence does not make his employer liable for every act which he does while so engaged.    While there is no doubt that hand work of the same kind as that done by common workmen may be so connected with a plan or order coming from him in the exercise of his authority as to show that the plan was ill conceived or the order negligent, or perhaps in some other way to bring the superintendent's hand work within the statute, (*O'Brien* v. *Look*, 171 Mass. 36, 41,) it is settled also that not every act done by him, even to help in carrying out an order which he himself has given, will be regarded as part of his superintendence.    *Flynn* v. *Boston Electric Light Co.* 171 Mass. 395, 398.    *A fortiori* is this true when the act has no proper connection with the performance of his duties.    The question whether the connection is close enough is one of degree, and naturally different people will draw the line at different points.    An example of difference of opinion on the kindred question of what is within the scope of a servant's employment will be found in *Williams* v. *Jones*, 3 H.

& C. 256 ; ibid. 602, where the servant lighted a pipe while at work.

In the opinion of the court the act of Meyer was too remote. *McCauley* v. *Norcross*, 155 Mass. 584, is the most nearly analogous case that has been called to our attention. There the plaintiff was hurt by a beam which had been left improperly near to a hole through which it fell and hit the plaintiff. It was held that the plaintiff was entitled to go to the jury on another ground, but it was said that " the fact that the superintendent himself happened to be the person who pushed the beam with his foot is of no importance, because that was not an act of superintendence." Yet it appears that at the moment the superintendent was walking about on crutches in the exercise of his duties. p. 585. So here. The precise place in which Meyer should be while giving his directions, the way in which he should stand or sit, and his care in managing his body in the place he selected, were too much the accident of his independent personality and too remote from the act of giving the orders for us to charge the defendant with the consequences of his neglect in that regard.

The matter may be stated in a different form. If the motion of Meyer which caused the injury be regarded as part of an act of superintendence, the fact that he was superintending was in no way a necessary element in producing the injury. But we are of opinion that by a true construction of the statute the superintendence must contribute as such, and that when, as here, it had nothing to do with the injury *qua* superintendence, the case is not within the act.

*Exceptions overruled.*