HENRY C. HALL *vs.* WAKEFIELD AND STONEHAM STREET RAILWAY COMPANY.

Middlesex.   December 6, 1900. — February 28, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

In an action brought by a street railway conductor against his employer for an injury caused by the plaintiff coming in collision with a tree at the side of the road while stepping around a superintendent of the defendant on the running-board of an open car, it was *held,* that the existence of the tree near the track was a permanent condition of the plaintiff's employment and the plaintiff who had been in the defendant's service for some time took the risk of the danger from it, and that the presence of a person on the running-board was also an obvious and permanent incident of the plaintiff's employment of which he assumed the risk, and the fact that such person was a superintendent of the defendant even if he was engaged in superintending at the time was not material, because the superintendence as such did not contribute to the injury.

A presiding judge is not bound to rule on the sufficiency of the plaintiff's evidence to maintain the action until the evidence is closed upon both sides, but he may if he chooses take the case from the jury at any stage of the trial.

HOLMES, C. J.   This is an action for personal injuries suffered by the plaintiff while acting as conductor upon one of the defendant's cars.   The first count is at common law, on the ground of a failure to provide a safe place for the plaintiff, specifying the building of the track too near to a maple tree against which the plaintiff struck.   The second count is under the employers' liability act, alleging a defect in the defendant's ways and works, and specifying the same facts.   The third, also under the act, goes on the negligence of a superintendent.   At the trial the judge directed a verdict for the defendant, and the case is here on exceptions.

The car was an open one and the plaintiff was going forward on the left hand running-board, to collect fares and to distribute transfers.   A superintendent of the defendant, who was a large man, was standing on the running-board, and the plaintiff was stepping round him, and necessarily was thrown out a little further from the car than he otherwise would have been and struck the maple tree.   This tree was thirty-one inches from the body of the car, and eighteen and one fourth inches from the outer edge of the running-board.   On the other side of the car were poles of the defendant, so near the car that no one was allowed on the running-board on that side.

With regard to the first two counts, taking them just as they are, it is to be observed that the location of the road in Wakefield where the accident happened was not under the defendant's control but was determined by the selectmen and road commissioners of the town, and that, so far as appears, the defendant had no right to remove the tree.   The argument, going outside the declaration, suggests that the defendant should have put its poles on the same side as the tree.   But if such a suggestion is open and has anything in it, the short answer is that the presence of the tree was a permanent condition of the employment, and that the plaintiff, who had been in the defendant's service for some time, knew of the tree and took the risk of the danger from it, on the principle made familiar by many decisions.   *Lovejoy* v. *Boston & Lowell Railroad,* 125 Mass. 79.   *Goldthwait* v. *Haverhill & Groveland Street Railway,* 160 Mass. 554.   *Ryan* v. *New York, New Haven & Hartford Railroad,* 169 Mass. 267.   See *Quinn* v. *New York, New Haven & Hartford Railroad,* 175 Mass.

150. It is said further that, as the defendant had not rested, the case had not reached a proper stage for a ruling on its negligence, citing some words from *Fleck* v. *Union Railway*, 134 Mass. 480, 482. Those words had reference to a provision in the report that the verdict was to be set aside unless the plaintiff's testimony showed a want of due care on his part as matter of law, the judge having taken the case from the jury at the close of the plaintiff's testimony and seemingly not having waited for him to finish his case. Under such circumstances of course the question whether there was evidence of the defendant's negligence was not open. The language referred to does not suggest that a judge may not take the case from the jury at the close of the plaintiff's case, as here, or earlier, as there. Of course a judge may do so, although a defendant cannot except to a refusal to do so, without resting his case. *Bassett* v. *Porter*, 4 Cush. 487, 491. *Morgan* v. *Ide*, 8 Cush. 420, 422. *Wetherbee* v. *Potter*, 99 Mass. 354, 359.

As to the third count it is to be observed that so far as the presence of a passenger on the running-board enhanced the danger, that was part of the risk which the plaintiff assumed. The possibility of such presence there was one of the obvious and permanent incidents of the business. Of course the presence was known to the plaintiff. The facts relied on to take the case out of the general rule are that this particular passenger happened to be a superintendent and that there were seats in the car so that he might have left the running-board clear. But if the superintendent was superintending at the time, to the extent of having an eye on the way in which the car was managed, his superintendence as such did not contribute to the injury. *Joseph* v. *George C. Whitney Co.* 177 Mass. 176. And apart from this, it is hard to see how it matters to the defendant's liability who the particular person on the running-board was.

*Exceptions overruled.*

*T. W. Proctor*, for the plaintiff.
*W. I. Badger*, (*S. Robinson* with him,) for the defendant.