PETER S. ANTONACOPOULOS vs. ARAX GROCERY COMPANY, INCORPORATED.

Suffolk. October 21, 1919. — November 25, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

Contract, What constitutes, Construction, Performance and breach. Sale. Frauds, Statute of. Damages, In breach of contract. Evidence, Competency. Practice, Civil, Conduct of trial: requests and instructions.

At the trial of an action of contract for damages resulting from a failure of the defendant to perform an agreement to deliver rice to the plaintiff, there was evidence tending to show that the plaintiff and the defendant made an oral contract by the terms of which the plaintiff agreed to purchase the rice from the defendant at a certain price and the defendant agreed to deliver the rice in Boston within a reasonable time; that the following day the plaintiff paid the defendant $300 as part payment and the defendant signed and handed to the plaintiff a memorandum in writing as to the sale which did not state that the delivery was to be within a reasonable time but did state the order to be at the price agreed upon "upon arrival of car f. o. b. Boston." The memorandum was not signed by the plaintiff. Held, that the question, what contract was made by the parties, was for the jury, as it could not be ruled as a matter of law that the memorandum expressed the agreement of the parties.

In the circumstances above stated, the payment of part of the purchase price the day after the making of the oral contract obviated the necessity of having a note or memorandum in writing of that contract signed by the defendant or its agent under St. 1908, c. 237, § 4.

It appeared that the action above described was brought two months after the making of the oral contract. At the trial the plaintiff was permitted to introduce evidence of the market price of the rice at the date of the writ. Held, that the evidence properly was admitted as the jury might have found that the defendant refused to deliver the rice at the date of the writ, and therefore under St. 1908, c. 237, § 67, cl. 3, the plaintiff was entitled to the difference between the contract price and the market price of the rice on that date.

A defendant is not entitled to a ruling upon the sufficiency of the plaintiff's evidence at the close of the plaintiff's case unless he waives his right to offer evidence.

CONTRACT for damages resulting from a breach by the defendant of an agreement to deliver eight hundred bags of rice to the plaintiff. Writ dated May 5, 1917.

In the Superior Court the action was tried before Fessenden, J. The material evidence is described in the opinion.

At the close of the plaintiff's evidence, the defendant, without

resting, asked for a ruling "that there was no evidence of the arrival of a car in Boston." The judge, subject to an exception by the defendant, refused so to rule until the evidence was all in.

At the close of all the evidence, the defendant orally requested the judge to take the case from the jury for the reason that no car had arrived on May 5, 1917, the date of the plaintiff's writ.

The defendant requested the following rulings:

"1. This was a sale of rice 'on arrival of car' in Boston at some future date.

"2. The agreement for the delivery of the rice was conditional and subject to its arrival in Boston at some future time.

"3. The obligation of the defendant to deliver the rice was contingent on arrival of car containing it in Boston at some future time."

"6. There is a fatal variance between the declaration and the evidence.

"7. At the date of his writ no cause of action had accrued to the plaintiff.

"8. Upon the whole evidence the plaintiff cannot recover."

The judge refused to rule as requested and refused to rule as a matter of law that the memorandum, quoted in the opinion, expressed the contract, and submitted to the jury the question as to whether or not an oral contract was made as contended by the plaintiff. "Full and particular instructions were given to the jury as to what was necessary for the making of a contract, as to the necessity of the meeting of the minds of the parties in all the essential elements of a contract and as to any modifications thereof, to which no exceptions were taken."

There was a verdict for the plaintiff in the sum of $3,188.42; and the defendant alleged exceptions.

*J. E. Kelley,* for the defendant.

*J. H. Casey & F. J. Muldoon,* for the plaintiff.

CROSBY, J. This is an action of contract to recover damages for the failure to deliver eight hundred bags of rice. There was evidence from which the jury could have found that on or about March 2, 1917, the parties entered into an oral contract by the terms of which the plaintiff agreed to purchase from the defendant eight hundred bags of rice at $4.37½ a bag, and that the defendant agreed to deliver the rice in Boston within a reasonable time; that

the next day the plaintiff gave to the defendant's agent a check for $300 which was accepted in part payment, and at the same time the agent delivered to the plaintiff a writing of the tenor following:

"Dear Sir: — We confirm your order of 800 bags of polished blue rose rice at $4.37½ upon arrival of car f. o. b. Boston.

Respectfully yours,

Arax Gro. Co. Inc.,

M. H. Ajamian."

The defendant contends that the writing so given to the plaintiff shows that the delivery was conditional upon the arrival of the car in Boston, and that as there was no evidence that the car had arrived at the date of the plaintiff's writ the trial judge should have directed a verdict for the defendant. The above quoted memorandum was not signed by the plaintiff and he was not bound by it if the jury found, as they were warranted in finding upon the evidence, that it was delivered to him after a completed, unconditional, oral contract for the sale of the rice had been consummated by the parties, which was not afterwards rescinded or modified.

Whether the contract was oral or was expressed in the memorandum, was a question of fact to be determined by the jury under appropriate instructions; and the record recites that "Full and particular instructions were given to the jury as to what was necessary for the making of a contract, as to the necessity of the meeting of the minds of the parties in all the essential elements of a contract and as to any modifications thereof, to which no exceptions were taken." If the jury found that the parties made a complete oral contract which was not subsequently modified, it was the duty of the defendant to deliver the rice within a reasonable time thereafter, and the judge properly refused to rule as matter of law that the memorandum expressed the agreement of the parties. The $300 given in part payment for the goods sold obviated the necessity of having a note or memorandum in writing of the contract signed by the defendant, or its agent in its behalf, under the sales act. St. 1908, c. 237, § 4.

The testimony offered by the plaintiff, subject to the defendant's exception, of the market price of rice on May 5, 1917 (the date of the writ), was competent upon the question of damages. The jury could have found that the damage sustained by the

plaintiff was the difference between the contract price and the market price of the rice at the time it ought to have been delivered or, if no time were fixed, then at the time of the refusal to deliver (sales act, § 67, cl. 3); and they could have further found that at the date of the writ the defendant refused to make the delivery. It is conceded that the defendant never offered to make such delivery but contended that it was unable to do so.

At the close of the plaintiff's case without waiving his right to offer evidence, the defendant was not entitled to a ruling on the sufficiency of the plaintiff's evidence to maintain the action. *Hall* v. *Wakefield & Stoneham Street Railway,* 178 Mass. 98.

Assuming in favor of the defendant that its request that a verdict be directed for it is properly before us, it was rightly refused. The other requests need not be referred to in detail, although they have been carefully considered; they were rightly denied.

*Exceptions overruled.*