## EDITH M. GOODELL *vs.* SYLVESTER SVIOKCLA.

Suffolk.    January 17, 1928.— January 19, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Ordering verdict, Exceptions. *Landlord and Tenant,* Landlord's liability for nonrepair: "dry shed." *Evidence,* Admissions, Presumptions and burden of proof, Competency.

No valid exception lies to a refusal by a trial judge to rule upon a motion by a defendant that a verdict be ordered in his favor, if the motion is presented at the close of the plaintiff's evidence without the defendant's resting and is not renewed at the close of all the evidence.

At the trial of an action of tort for personal injuries received by the wife of a tenant at will of the defendant in a tenement house by reason of an alleged defective condition of the flooring of a "dry shed" on the roof which the defendant maintained for the common use of his tenants, there was evidence that, at the beginning of the tenancy, nine months before the accident, the flooring appeared to be in good condition; that on the occasion of the accident, the plaintiff was going to the shed to hang out clothes for drying; that when she stepped upon the board flooring of the platform "the whole thing loosened," "the boards all went from under me," "the boards were crumbly and rotten," "the boards tilted and threw me"; that she did not know exactly what happened and she might have stubbed her toe on the threshold in passing from the top of the stairs to the flooring; and that she "did not know what caused her to fall." *Held,* that

(1) A finding was warranted that the flooring, which appeared to be in good condition at the beginning of the tenancy, since then had deteriorated and had become dangerous at the time of the accident;

(2) The plaintiff by her testimony had not committed herself to one definite statement of facts which prevented her recovery: her testimony presented conflicting narrations of the happening of the accident, and presented a question, the truth regarding which was for the jury to find if possible;

(3) The defendant was under obligation to maintain the flooring in such condition as it appeared to be at the beginning of the tenancy;

(4) It was proper to deny a motion by the defendant that a verdict be ordered in his favor;

(5) Evidence, in rebuttal of testimony introduced by the defendant that the platform was in the same condition after the accident as it was just before the tenancy began, properly was admitted to show that the janitor of the defendant, shortly after the injury to the plaintiff, was seen to "nail a board on some part of the platform."

TORT for personal injuries alleged to have been received by the plaintiff by reason of a defective condition of the

flooring of a "dry shed" on the roof of a tenement house in which the husband of the plaintiff was a tenant at will.    Writ dated May 28, 1925.

In the Superior Court, the action was tried before *Macleod,* J. Material evidence and exceptions by the defendant are stated in the opinion.    The jury found for the plaintiff in the sum of $1,000.    The defendant alleged exceptions.

The case was submitted on briefs.

*J. E. Handrahan,* for the defendant.

*B. J. Killion,* for the plaintiff.

RUGG, C.J.    This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff by reason of a defective condition of a "dry shed" maintained by the defendant for the common use of all his tenants in a building in which the plaintiff's husband was a tenant.    At the close of the plaintiff's case the defendant without resting moved that a verdict be directed for the defendant, which motion was denied.

The court could not be required to rule on the defendant's motion for a directed verdict until the evidence was closed. The presentation of such motion by the defendant without resting and without renewing the motion at the close of the evidence gave him no valid exception.    *Wetherbee* v. *Potter,* 99 Mass. 354, 359, 360, and cases cited.    *Riley* v. *Lally,* 172 Mass. 244, 245.    *Hall* v. *Wakefield & Stoneham Street Railway,* 178 Mass. 98, 100.    *Antonacopoulos* v. *Arax Grocery Co. Inc.* 234 Mass. 125, 128.

If, however, it be assumed in favor of the defendant that the case can be considered on its merits, there was no error. There was evidence tending to show that at the beginning of the tenancy in August, 1924, the platform of the "dry shed" appeared to be in good condition; that in May, 1925, the plaintiff was going there for the purpose of hanging out and drying clothes; that when she stepped upon the board flooring of the platform "the whole thing loosened," "the boards all went from under me," "the boards were crumbly and rotten," "the boards tilted and threw me"; that she did not know exactly what happened and she might have stubbed her toe on the threshold in passing from the top of the stairs

to the flooring; and that she "did not know what caused her to fall."

This evidence afforded ground for a finding of fact that the flooring of the "dry shed" which appeared to be in good condition at the beginning of the tenancy had since then deteriorated and had become dangerous at the time of the accident. This is not a case where the plaintiff has committed himself to one definite statement of facts as in *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, but presents conflicting narrations of the happening of the accident, where it is for the jury to find the truth if possible. *Cameron* v. *New England Telephone & Telegraph Co.* 182 Mass. 310. *Larson* v. *Boston Elevated Railway*, 212 Mass. 262, 267. *Gold* v. *Spector*, 247 Mass. 110, 111, and cases collected. The "dry shed" with its flooring remained in the control of the landlord for the use of all his tenants, and the burden was upon him to maintain it in such condition as it appeared to be at the beginning of the tenancy.. If he failed in this respect, he would be liable to the plaintiff for injuries resulting from his negligence. *Flanagan* v. *Welch*, 220 Mass. 186, 191.

Evidence to the effect that the janitor of the defendant shortly after the injury to the plaintiff was seen to "nail a board on some part of the platform" rightly was admitted in rebuttal for the sole purpose of meeting testimony introduced by the defendant that the platform was in the same condition after the accident as it was just before the plaintiff's husband became a tenant of the defendant. *Shinners* v. *Proprietors of Locks & Canals*, 154 Mass. 168, 171, 172.

*Exceptions overruled.*