COMMONWEALTH *vs.* ERNEST E. WHITCOMB.

Hampshire.     September 16, 1931. — October 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Practice, Criminal,* Ordering verdict.

An exception, saved by the defendant at the trial of an indictment to the denial of a motion that a verdict of not guilty be ordered, will not be sustained where the record discloses evidence warranting a verdict of guilty of the crime charged, although there was evidence sufficient to prove a different crime from that laid in the indictment.

INDICTMENT, found and returned on February 18, 1931, charging the defendant with committing unnatural and lascivious acts with a young woman.

In the Superior Court, the indictment was tried before *Beaudreau,* J. At the close of the evidence, the defendant moved that a verdict of not guilty be ordered. The motion was denied. The defendant was found guilty and alleged exceptions.

*D. D. O'Brien,* for the defendant.

*J. T. Bartlett,* District Attorney, for the Commonwealth, submitted a brief.

RUGG, C.J.    This indictment charged the defendant in two counts with committing unnatural and lascivious acts with a young woman.    G. L. c. 272, § 35.    The only question raised is whether a verdict ought to have been directed in favor of the defendant.    There was ample evidence, which need not be narrated nor summarized, to support the charge.    There is nothing inconsistent with this result in *Commonwealth* v. *Delano,* 197 Mass. 166.    If it be assumed, but without so deciding, that there was evidence sufficient to prove a different crime from that laid in the indictment, the jury were not obliged to believe that evidence.    The testimony supporting the contentions of the Commonwealth alone may have been given credence, and all that of a contrary tendency may have been distrusted and rejected as untrue.    *Commonwealth* v. *Russ,* 232 Mass. 58, 70.    *Whiteacre* v. *Boston Elevated Railway,* 241 Mass. 163.    *Goodell* v. *Sviokcla,* 262 Mass. 317, 319.    *Haun* v. *LeGrand,* 268 Mass. 582, 584.    Even if the testimony of the young woman witness was not altogether consistent, the part or parts to be accepted as true were for the jury. The decision in *Sullivan* v. *Boston Elevated Railway,* 224 Mass. 405, is not applicable to the testimony here disclosed.

*Exceptions overruled.*