ELIZABETH McCARTHY *vs.* WILLIAM GOODRUM.

Bristol.    October 28, 1935. — December 4, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Negligence*, Contributory.

Admitted facts that one injured when boards in the floor of a passageway gave way as he stepped on them had known for a week previously that such boards had dropped below the level of the others, had stepped on such boards several times without harm resulting and had not tried to avoid them, did not require a ruling that he was guilty of negligence contributing to his injury.

TORT. Writ in the Second District Court of Bristol dated August 11, 1934.

Upon removal to the Superior Court, the action was heard without a jury by *Hanify*, J., who found for the plaintiff in the sum of $1,000. The defendant alleged an exception.

*W. B. Perry, Jr.*, for the defendant.
*C. Soforenko*, (*H. W. Radovsky* with him,) for the plaintiff.

LUMMUS, J.   The only exception is to the refusal to rule that as a matter of law the finding must be for the defendant.   Two boards had dropped below the level of the others in the floor of a common passageway in the cellar of a house in which the plaintiff hired a tenement from the defendant, with the result that the boards gave way and the plaintiff's foot became wedged between those boards and the adjoining board, so that she fell.   When her tenancy began, two years before, the floor was in a good condition.

The only question arises out of the admitted facts that for about a week before the accident the plaintiff had noticed that the two boards had dropped below the level of the others, that she had stepped on them a number of times without bad result, and had not tried to avoid them. The plaintiff would not have been guilty of contributory negligence as matter of law merely because she knew of the depression and failed to avoid it, even if she had known that it was dangerous.   *DeFilippo* v. *DiPietro*, 265 Mass. 186.   *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 50. *McCarthy* v. *Great Atlantic & Pacific Tea Co. ante*, 526, 528. This is not a case in which it can be said, as in *Perry* v. *Loew's Boston Theatres Co.* 291 Mass. 332, that if the defendant was negligent the plaintiff must have been negligent also.   The defendant had a duty to inspect and repair but the plaintiff had none.

*Exceptions overruled.*