ELIZABETH L. GRIFFIN *vs.* ANNA A. RUDNICK & others.

Norfolk.    May 10, 1937. — June 30, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or his family or his invitee, Common stairway. *Practice, Civil,* Requests, rulings and instructions.

In order to recover against the landlord of an apartment building for injuries due to a defect in a common stairway, a tenant who hired one apartment and later moved into another must prove that the defect resulted from failure of the landlord to keep the stairway in as good condition as it was in or appeared to be in at the time when he became tenant of the second apartment.

A finding, that the landlord of an apartment building failed to keep a common stairway in as good condition as it was in or appeared to be in at the beginning of the tenancy of an apartment nearly five years before the tenant was injured on the stairway, was warranted, without specific evidence as to the condition of the stairway at the time of the letting, by evidence that beginning about two years before the accident it became "loose and shaky" and became more so from then until the time of the accident.

The landlord of an apartment building was not relieved of liability to a tenant for injuries due to a defect in a common stairway merely because the defect resulted from natural deterioration after the letting and not from a "newly occurring" change for the worse.

A general finding in an action heard without jury was not shown to be erroneous by the granting of a request for ruling seemingly inconsistent therewith if the judge treated the request as in substance a mere duplication of another request whose granting was consistent with the finding.

TORT. Writ in the Municipal Court of Brookline dated August 17, 1934.

The action was heard by *Frost,* J., who found for the plaintiff in the sum of $400. A report to the Appellate

Division for the Southern District was ordered dismissed. The defendants appealed.

*J. Israelite,* (*S. Leader* with him,) for the defendants.

*J. H. Coakley,* (*J. H. Coakley, Jr.,* with him,) for the plaintiff.

CROSBY, J.   The plaintiff seeks to recover for personal injuries sustained by her by reason of an alleged defect in a stairway on premises of the defendants.

There was evidence tending to show the following facts: On September 1, 1928, the plaintiff, on behalf of her husband, hired from the defendants the first floor of a three-family frame dwelling house at 60 Chestnut Street in Chelsea, and she and her husband and children moved into the tenement on the same date.   On May 15, 1934, while the plaintiff was going down the cellar stairs, the third step from the bottom gave way and she was injured. The stairway was used by all the tenants in the building for the purpose of getting coal and other things from the cellar.   On the day of the accident it was cloudy, and there was no light on the stairway.   There was evidence that the stairs appeared to be all right on September 1, 1928, when the plaintiff moved into the lower apartment, but there was no evidence of the condition of the stairway in September, 1929, when she moved into an upper apartment of the house.

At the close of the evidence the defendants presented twenty-four requests for rulings.   On May 13, 1936, counsel for the defendants received notice that on May 11, 1936, a finding had been made for the plaintiff.   At the time the finding was made, the defendants' requests for rulings had not been acted upon because the trial judge was not aware of the fact that they had been filed before final argument. The matter having been brought to his attention on May 13, 1936, he allowed some of them and denied others.   The report contains all the material evidence.

The defendants argue that the plaintiff did not prove that the defect alleged in the declaration caused her injury, and did not prove that the injury was caused by a defect which did not exist at the beginning of her tenancy.   A further contention of the defendants was that any change

in the premises after such commencement which the plaintiff did show was not a "newly occurring" change, but one naturally to be expected; and that any injury to the plaintiff from such a cause did not render the defendants liable therefor.

In cases of this kind involving injuries received on common stairways the plaintiff, to be entitled to recover, must prove that the injury occurred as a result of the failure of the landlord to keep such parts in the condition they were in, or appeared to be in, at the time of the commencement of the tenancy. *Andrews* v. *Williamson*, 193 Mass. 92, 94. It was for the plaintiff to prove that the defect in the stairway which caused her injury arose after the commencement of the tenancy. See *Di Gregoria* v. *Ricio*, 258 Mass. 123, 124. Evidence as to the condition of this cellar stairway on September 1, 1928, when the plaintiff moved into the lower apartment, was not sufficient to sustain the burden of proof on that issue: it was necessary for the plaintiff to show a change in the condition of the stairway after September 1, 1929, when she moved into the upper apartment. *Murray* v. *Lincoln*, 277 Mass. 557, 559.

The defendants further argue that there was no evidence of the fact alleged in the plaintiff's declaration that the injury was caused by a tread moving from its position, and no evidence that the injury occurred through a defect concerning which there was any proof of change of condition. So far as this argument rests upon a variance between the allegations of the plaintiff's declaration and the proof it cannot prevail, since it does not appear that such a variance was brought to the attention of the judge at the trial. *McLean* v. *Richardson*, 127 Mass. 339, 344. *Noyes* v. *Caldwell*, 216 Mass. 525, 527.

It remains to be considered whether there was any evidence that the plaintiff's injury was caused by a defect which was due to a change of condition after the commencement of the tenancy on September 1, 1929. The general finding for the plaintiff imports the finding of all subsidiary facts rationally possible on the evidence, and the drawing of all inferences of which the evidence is susceptible, in

support of the general conclusion. *MacDonald* v. *Adamian*, 294 Mass. 187, 190. The evidence on this question is that beginning about two years before the accident the cellar steps became "loose and shaky and from that time until the time of the accident they became more loose and more shaky"; that when the plaintiff's foot went through one of the steps, the ends where her foot went through "sagged and were hanging in a downward position" though the tread did not break away from the risers. The evidence as to the steps becoming more loose and shaky warrants the inference not only that the steps became more loose in the sense that the treads were not fastened securely to the risers, but also that the treads sagged beneath the weight of a person stepping on them. It also may be inferred that the latter condition caused the plaintiff's injury when one of the sagging treads gave way, as a result of which the plaintiff's foot went through the step. It follows that the above evidence together with the inferences reasonably drawn therefrom was sufficient to sustain a finding for the plaintiff on this branch of the case. See *Conroy* v. *Maxwell*, 248 Mass. 92, 97, 98; *Goodell* v. *Sviokcla*, 262 Mass. 317, 318, 319.

The defendants contend that the plaintiff did not show the condition of the stairway on September 1, 1929, and therefore cannot recover. This contention is without merit. Although there was no direct evidence as to the condition of the stairway on September 1, 1929, there was evidence that it grew progressively worse in the two years preceding the accident. Such evidence was sufficient to warrant a finding that the accident was caused through a negligent failure on the part of the defendants to keep the stairs in as safe a condition as they were or appeared to be in at the time of the letting on September 1, 1929. *Ward* v. *Blouin*, 210 Mass. 140, 143, 144. The defendants' argument that any condition of the stairway which could be found to have caused the accident was one which might naturally be expected to occur, and did not involve a newly occurring change for the worse, is based on the decision of *Quinn* v. *Perham*, 151 Mass. 162, 163. In that case the defective

condition of the premises which caused the plaintiff's injury was substantially the same at the beginning of the tenancy as at the time of the accident. In the present case it could have been found upon the evidence that the condition of the stairs had changed materially. The defendants in this case are not free from liability because the condition causing the injury resulted from deterioration. *Ward* v. *Blouin*, 210 Mass. 140, 144. *Crudo* v. *Milton*, 233 Mass. 229, 231. *Conroy* v. *Maxwell*, 248 Mass. 92, 97, 98. *Goodell* v. *Sviokcla*, 262 Mass. 317, 319.

The defendants' final contention, that the granting by the trial judge of the defendants' twenty-third request for ruling — "If you find that there was no special newly occurred change for the worse in the condition of the step which caused injury to the plaintiff from the time of the letting to the date of the injuries, I request you to rule that the plaintiff cannot recover in this action" — was contradictory to the general finding for the plaintiff, cannot be sustained. The request was given with the following statement: "This seems to be the same request as No. 20, and as such it is given." Request numbered 20 was as follows: "If you find that the stairway was a common stairway which the plaintiff was entitled to use at the time of her accident, the burden is on the plaintiff to show by a fair preponderance of the evidence that the condition of the premises had changed for the worse since the time of the letting, and failing in such proof, the plaintiff cannot recover." It reasonably may be inferred that in granting the twenty-third request, the trial judge ruled merely that the burden of proof was on the plaintiff. There is nothing in the granting of that request which is inconsistent with the general finding for the plaintiff.

The Appellate Division decided that no prejudicial error had been committed by the trial judge, and dismissed the report. The entry must be

*Order dismissing report affirmed.*