No. 3113 Northern Middlesex, ss.
ASSOCIATES DISCOUNT CORP. (Shorey & Tiffin)
v. LANIEFSKY (David Govenar)

From the District Court of Central Middlesex—Caiger, J.
Argued Feb. 9, 1942—Opinion filed Mar. 10, 1942

SULLIVAN, J. (Pettingell, P. J., and Gadsby, J.)—This is an action in contract for balance due predicated on a conditional sales contract of a used Ford automobile, in the sum of $88.30 with interest thereon from the date of default and demand under the contract. The evidence in this cause is set out in the trial court's finding of facts which are summarized in the following manner: The defendant purchased of the Johnson Pontiac Co. of Lexington by a written contract, under the date of January 15, (1940) a used Ford automobile for the sum of $458.18, the title to remain in the seller or assignee until the conditions were fully performed; the defendant made a down payment of $125.00 leaving a balance of $333.18 to be paid in eighteen equal installments of $18.51 on the sixteenth day of each month.

The defendant made only three payments amounting to $55.33 leaving a balance due of $277.65. The contract was assigned to the plaintiff, corporation, in which time was made the essence of the agreement, and failure on the part of the defendant to perform the provisions thereof "the owner hereof if not already in possession, may take possession of said motor vehicle without demand or notice, and without process of law and in either event all sums paid by me (defendant) hereunder shall be forfeited by me and retained for the use of said motor vehicle as rental but in case of repossession and sale of such motor vehicle for default in payment of any part of the total time price, all sums paid on account of such price and any sum remaining from the proceeds of a sale of such repossessed motor vehicle after deducting the reasonable expenses of such repossession and sale shall be applied in reduction of such price, and if the net proceeds of such sale exceed the balance due on such price, the sum remaining shall be paid to me (defendant) and if the Time Balance is not fully satisfied from the proceeds of such sale, I (defendant) agree to pay the remainder of such Time Balance forthwith without demand or notice." Upon repossession of the motor vehicle, the battery was dead, the starter broken, mudguards damaged, the body scratched and in poor condition as well as the upholstery.

The repossession costs were set at $10.65 resulting in a total indebtedness of $288.30. The car sold for $200.00 at a fair sale leaving the defendant indebted to the plaintiff in the sum of $88.30.

The defendant filed five requests of which the following were denied: "No. 1. There is evidence to warrant a finding

for the defendant. No. 2. There is no evidence to warrant a finding for the plaintiff. No. 4. The evidence warrants a finding that the plaintiff having repossessed an automobile the fair market value of which was greater than the balance then due the plaintiff, the plaintiff sustained no damage and no injury." There was a finding for the plaintiff on its declaration with interest. The report is alleged to contain all the evidence material to the issues involved.

The requests were rightly denied. Nos. 1 and 2 are disposed of by the court's findings of fact that the defendant failed to keep to his contract by paying the monthly installments as they became due and after the payment of the third installment no further payments were made. *Home Savings Bank* v. *Savransky,* 307 Mass. 601.

No. 4 was rightly denied, in that the trial court has found that after a fair sale that was not tainted by fraud, there were two hundred dollars realized which left a balance due the plaintiff of $88.30. There are issues raised in the defendant's brief for the first time that we cannot consider. This division is limited, to those issues raised only in the report. *Commissioner of Banks* v. *Lee,* 291 Mass. 191, see Rule 27 Mass. District Courts, 1940. G. L. (Ter. Ed.) c. 255, pg 12, cited by the defendant does not apply to the instant case.

There was no conflict of evidence. There is no reason apparent on the record why the trial judge should not believe the evidence introduced by the plaintiff and in so doing, has committed no error of law. *Commonwealth* v. *Whitcomb,* 277 Mass. 27, and cases cited. The evidence warranted the finding for the plaintiff. There is no prejudicial error.

*Report dismissed.*