Pettingell, P. J.
Action of tort to recover for personal injuries. The plaintiff is the fourteen year old daughter of a tenant who was injured April 1, 1944, while passing over the outside steps of a tenement owned by the defendant and occupied by the plaintiff’s father and another tenant. The answer to the plaintiff’s declaration is a general denial and the contributory negligence of the plaintiff.
*93 There was evidence that as the plaintiff was on her way into the house, she stepped on the lower tread of the outside steps which “gave way” causing her to fall forward, lacerating her arm; that the steps were loose and rotten at the end and had been getting worse for a year. The plaintiff testified that there were no holes in the board at the point where she stepped but the boards were loose and “warbly”.
There was other evidence that the defendant purchased the premises, November 21, 1941; that the steps were in good condition at that time; that they had been damaged in the flood of 1936 but had been repaired; that they had been sagging for about a year and a half before the accident; that the steps had been going down and the boards were giving way; that the lower tread had sunk to the ground at one end and was about two inches higher at the other; that the plaintiff’s mother had called the attention of the defendant to the defective condition of the steps in March 1944; that the stringers under the steps were rotten; that the whole step and the piazza sagged; a witness for the defendant testified that the stringer at the end was rotten and the lower tread rested on the ground at one end and the other was raised about two inches.
There were in evidence two photographs of the steps which various witnesses identified as fair representations of the steps as they were at the time of the accident.
At the close of the evidence the defendant filed ten requests for rulings, one of which, the ninth, had five subdivisions or specifications.
The trial judge allowed three of these, the 2d, 3d and 4th and subdivisions (b) and (e) of the 9th, and denied the others, those denied being as follows:
“1. The evidence does not warrant a finding for the plaintiff. 5. It is not negligence on the part of the *94 mon passageway or steps. Snecker vs. Feingold, 214 Mass. 612. 6. No liability in tort arises from failure of landlord to keep a promise to repair. Andrews vs. Leominster Savings Bank, 296 Mass. 67. 7. The. plaintiff was guilty of contributory negligence. 8. There is a fatal variance between the allegations and the proof. 9 a. There is insufficient evidence to warrant a finding for the plaintiff. 9 c. The evidence does not warrant a finding that the defendant agreed to keep the stairway where the accident is alleged to have happened in a safe condition at all times. 9 d. The evidence does not warrant a finding that the defendant was in control of the place where the plaintiff is alleged to have fallen. 10. The evidence does not warrant a finding of the condition of the premises in question at the time of .the letting. ’ ’
The trial judge found the following facts and made the following rulings:
“Plaintiff on April 1, 1944, suffered personal injury by reason of a fall caused by a defect in a common stairway leading up to the front door of defendant’s premises at No. 48 Delard Street, Lowell, Mass. Plaintiff was at the time daughter and member of the family of defendant’s tenant Albert Dery.
‘ ‘ The premises in question consist of a two-flat dwelling. Albert Dery occupied the lower flat; and one Henry Masse the upper. The stairway consisted of three steps and led from the street to a piazza from which opened two doors; one leading to the Dery tenement, the other to the Masse tenement. Albert Dery become the defendant’s tenant on November 24, 1941. At that time the steps were in good condition.
“About six months before the accident the stairway had begun to sag and the treads to become loose and the stringers to become rotten and defendant’s attention was then called to their condition by Albert Dery, by Masse, and by Victoria Dery, plaintiff’s mother. Thereafter defendant did nothing to repair the defects prior to the accident.
“I find that plaintiff was in the exercise of due care and that her injury was caused by the failure of defendant to exercise reasonable care to keep the stairs in the *95 condition they were in at the time Dery’s tenancy began.
“I find for the plaintiff in the sum of Seventy-five Dollars.
“Defendant’s requests for rulings Nos. 2, 3, and 4 are granted. Nos. 1, 5, 6, 7 and 8 and 10 are refused.
“Treating request No. 9 as five separate requests; Nos. 9 (a), 9 (c), 9 (d) are refused. Nos. 9 (b) and. 9 (e) are granted.”
The defendant claiming to be aggrieved by the denials of the rulings requested, the trial judge reported the case.
There was no error in the denial of the first ruling requested by the defendant. There was evidence that the plaintiff was the daughter of a tenant of the defendant. That being so, the plaintiff had the same right to recover for injuries caused by a defect as had the tenant, her father. Shute v. Bills, 191 Mass. 433, at 437. Domenicis v. Fleisher, 195 Mass. 281, at 284. Snecker v. Feingold, 314 Mass. 613, at 614.
There was evidence that there were two tenants who used the piazza and steps, the plaintiff’s father and one Masse. The fact that only two tenants used the entrance did not prevent it from being a common passageway. Nash v. Webber, 204 Mass. 419, at 425. Ruane v. Doyle, 308 Mass. 418, at 420. Although the defendant testified, she did not deny that she had control of the porch and steps. On the other hand there was evidence from which the trial judge could have found that she did have such control. The defendant did testify that prior to the accident and following a complaint of the plaintiff’s mother about the defective condition of the steps, she was endeavoring to find a carpenter to repair them and did find one who repaired them after the accident. Under the circumstances there was evidence of her actual control. Readman v. Conway, *96 126 Mass. 374, at 376, 377; Baum v. Ahlborn, 210 Mass. 336, at 337; Maionica v. Piscopo, 217 Mass. 324, at 329; Ruane v. Doyle, 308 Mass. 418, at 421. The fact that the repairs were made by the admitted authority of the landlord distinguishes the case from Kearines v. Cullen, 183 Mass. 298, in which the other facts are similar. Furthermore, there was evidence that prior to the accident the defendant’s son “had put a board on the steps with one nail in each end”. The inference from this act was one to be drawn by the trial judge. Ruane v. Doyle, supra, who would be justified in finding that the son was attempting an actual repair of the steps for his mother. This “board” is not to be confused with the barrier appearing in the photographs, Exhibits 1 and 2, which was put up, according to the report, after the accident. There was evidence that the steps were in good condition when the tenancy began and evidence that they had deteriorated substantially since that time. The photographs offered in evidence and described by witnesses as fair representations of the steps as they were at the time of the accident show a general lack of repair, including a sagging of the piazza and the steps which was accounted for by testimony that the stringers had rotted so that one end of the bottom tread of the steps rested on the ground while the other was raised two inches from the ground. There was a defective condition of which, according to the evidence, the defendant had notice. The plaintiff stepped on the bottom tread, which “gave way” and she fell receiving an injury. The plaintiff’s burden to entitle her to recover was not to “put her hand on the specific thing which caused the accident”. Cain v. Southern Mass. Telephone Co., 219 Mass. 504, 508. “It is enough if she shows facts from which negligence may be inferred”. Lamberti v. Neal, 253 Mass. 99, at 106. She was not required to exclude all other possibilities as to the cause of the accident *97 if by a preponderance of the evidence she proved that it was caused by the defendant’s negligence. Navin v. Cohen, 268 Mass. 247, at 252. Rash v. Albert, 271 Mass. 247, 252. The cause of the plaintiff’s accident was not left to conjecture. If happened when the plaintiff stepped on the lower tread of the steps which, because of the negligence of the defendant in not maintaining them in proper condition, had so decayed and sagged that one end of the tread had sunk to the ground while the other was still elevated above the ground.' The plaintiff was not obliged to prove in detail just what happened when she stepped on the tread. She did offer proof that because of the defendant’s failure to use reasonable care to maintain the steps the tread was improperly supported, and “gave way” when stepped on causing the plaintiff to fall and receive an injury. It was not necessary for her to prove more.
There was no error in the denial of the defendant’s fifth request. Snecker v. Feingold, 214 Mass. 613, cited by the defendant is not authority for the statement contained in the request. That case turns on a projecting nail. Whether or not there is a defect is normally a question of fact but there may be a defective condition which is too insignificant to create liability; and in that ease the evidence of negligence was held insufficient. The case before us is more like Goodell v. Sviokcla, 262 Mass. 317, at 318; Conroy v. Maxwell, 248 Mass. 92, at 96-98; McCarthy v. Goodrum, 292 Mass. 567, at 568; Griffin v. Rudnick, 298 Mass. 82, at 86, 87; Barre v. Epstein, 299 Mass. 577, at 578, in each of which cases there was a deterioration of floor or porch resulting- in injury to the plaintiff, which was found to be sufficient evidence of negligence. See Lindsay v. Leighton, 150 Mass. 285; Ward v. Blouin, 210 Mass. 140.
There was no error in the denial of the defendant’s seventh request which calls for a finding of fact, the burden *98 of proof resting upon the defendant. Pease v. Lenssen, 286 Mass. 207, at 208. McGuiggan v. Atkinson, 278 Mass. 264, at 266. The trial judge was under no obligation to make a finding of fact. Davis v. Boston Elevated Street Railway, 235 Mass. 482, at 494. Cameron v. Buckley, 299 Mass. 432, at 444. Whether the defendant has sustained the burden of proving that the negligence of the plaintiff contributed to the accident was a question of fact. Crowley v. Freeman, 291 Mass. 105, at 106. That the plaintiff knew of the conditions of the steps before the accident did not make the issue any less one of fact. That the plaintiff knew that there was some danger in trying to go over the steps, if the plaintiff did appreciate that risk, does not show, as matter of law, she was negligent. Kelly v. Blackstone, 147 Mass. 448, at 451. Mahoney v. Dore, 155 Mass. 513, at 518. McGuinness v. Worcester, 160 Mass. 272, at 273, 274. Oles v. Dubinsky 231 Mass. 447, at 448, at 449. Conroy v. Maxwell, 248 Mass. 92, at 96. McCarthy v. Goodrum, 292 Mass. 567, at 568; whether or not she was in the exercise of due care was still a question of fact. George v. Malden, 274 Mass. 606, at 608; Eaton v. Springfield, 277 Mass. 128, at 129. Beckwith v. Royalston, 284 Mass. 279 at 283.
The defendant has not argued the denial of the eighth request either in her brief or orally. We treat the claim of error as to the disposition of that requested ruling as waived. Commonwealth v. Rivet, 205 Mass. 464, at 467. Levine v. Cohen, 235 Mass. 446, at 448. Stuart v. McEttrick, 242 Mass. 486, at 489. Eastern Advertising Company v. Shapiro, 263 Mass. 228, at 234. Barnes v. Springfield, 268 Mass. 497, at 504. Universal Adjustment Corp. v. Midland Bank, 281 Mass. 303, at 328. Carangias v. The Market Men’s Relief Association, 293 Mass. 284, at 285.
The defendant’s request numbered nine contained five specifications or subdivisions. Nevertheless, it was one re *99 quest and properly should have been dealt with as a unit. Memishian v. Phipps, 311 Mass. 521, at 523. The trial judge, however, chose to treat the request as five separate requests and allowed two of the subdivisions, that the plaintiff’s ease might be disbelieved and that the burden was on the plaintiff to show that at the time she had a right to use the premises. His denial of 9 a, that there was insufficient evidence to warrant a finding for the plaintiff is covered by what has been said regarding the denial of the first request.
The request 9 c, which was denied, was to the effect that the evidence did not warrant a finding that the defendant agreed to keep the stairway in a safe condition at all times. This request was immaterial and irrelevant because the basis of the defendant’s liability is not an express promise of the defendant to keep the stairways and other common parts of the premises in a safe condition. According to Looney v. McLean, 129 Mass. 33, at page 35, the court stated the rule to be as follows:
“Where a portion of a building is let, and the tenant has right of passageway over stair cases and entries in common with the landlord and the other tenants, there is no such leasing as will exonerate the landlord from all responsibility for the safe condition of that portion of which he still retains control, and which he is bound to keep in repair, as to such portion, he still retains the responsibilities of a general owner to all persons, including the tenants of his buildings.”
Looney v. McLean, supra, has been cited as authority in many cases and as late as 1928, but in 1915 the Supreme Judicial Court decided Flanagan v. Welch, 220 Mass. 186, in which, at page 191, the court said,
“It may now be taken to be established that common .hallways and stairways of a building which is let out in offices and tenements remain in the control of the landlord for the use of his tenants, and that it is his *100 duty to each tenant to keep them in the same safe condition or apparent condition in which they were at the beginning of the several leases to the respective tenants .....
‘ ‘ This result is contrary to the result usually reached where one person has an easement over the land or other real property of another. The ordinary rule in such a case is that the owner of the dominant estate is bound to keep the servient estate over which he has an easement in such condition and repair as may be necessary for the exercise of the easement .... So far as we know there is but one case in which the reason for reaching the opposite result in the case of common hallways and stairways is discussed. That case is Miller v. Hancock (1893) 2 Q. B. 177. In that case Bowen L. J. laid it down, that the reason why the opposite conclusion is reached in case of common hallways and stairways is that there is an implied agreement to that effect arising out of the necessities of the case.....
“We adopt the reasoning of Lord Justice Bowen”
Since the decision of Flanagan v. Welch, supra, that case has come to be the authority in Massachusetts for the principle of law establishing the duty of a landlord to use reasonable care to maintain the common parts of a building in the same condition in which they were or appeared to be at the time of letting. Conahan v. Fisher, 231 Mass. 234, at 237.
Whether such a duty of a landlord arises under the rule stated in Looney v. McLean, supra, or under that of Flanagan v. Welch, supra, it is apparent that it arises as matter of law out of the fact of the letting and that no promise of the landlord is necessary or material except as one is implied from the letting; that no other promise was necessary and that the ruling requested was wholly inapplicable.
There was no prejudicial error in the denial of requests 9d and 10. There was evidence that the defendant was the owner of the premises at the time of the accident and that at that very time was endeavoring to make arrangements *101 for the repair of the steps. There was ample evidence also as to the condition of the steps at the time that the defendant became the owner of the premises and the plaintiff’s father became the defendant’s tenant.
There remains the denial of request No. 6. That request was a correct statement of the law, Tuttle v. George H. Gilbert Mfg. Co., 145 Mass. 169, at 175; Chelefou v. Springfield Institution for Savings, 297 Mass. 236, at 240; Abrams v. Factory Mutual Liability Ins. Co., 298 Mass. 141, at 144; but was not applicable to the facts before the court. The plaintiff offered no evidence of any agreement to repair the steps or to keep them in repair. As has been pointed out the liability of the defendant is not based upon a promise to repair but upon a principle of law that a landlord'having control of the common parts of a building is liable to one using them by right or invitation, including a tenant who is injured by the owner’s negligence. There is nothing in the pleadings or the evidence indicating that the plaintiff was raising a contention based upon a promise to repair.
If, however, the denial of the request as a correct statement of law was error, it was not prejudicial error because of the finding of fact which the trial judge made relating to the cause of the accident. After finding as fact that the steps had begun to deteriorate and that the defendant’s attention had been called to their condition by three persons including the plaintiff’s father and mother, he continued,
“I find that the plaintiff was in the exercise of due care and that her injury was caused by the failure of defendant to exercise reasonable care to keep the stairs in the condition they were in at the time Dery’s tenancy began. ’ ’
Not a word was said about a failure to keep a promise to repair but what was stated was said in nearly the exact language of Snecker v. Feingold, 314 Mass. 613, at 614. *102 The liability is placed directly upon a violation of the duty stated in that case. The precise violation found is clearly stated. The language used by the trial judge clearly demonstrates that his finding for the plaintiff was based upon a consideration of the evidence unaffected by the erroneous view of the law represented by the denial of the 6th request or of request 9 c, already discussed. The denial of these requests, if error, was not prejudicial error but was rendered harmless by the finding of fact mentioned. Connoyer v. Holyoke, 314 Mass. 604, at 608. The ultimate decision was not due to the erroneous view of the law represented by the denial of the requests but to a consideration of the evidence. Perry v. Hanover, 314 Mass. 167, at 175. Brodeur v. Seymour, 315 Mass. 527, at 529.
“It seems obvious that the result would have been the same if the strictly correct rule of law had been followed. Therefore the erroneous ruling has done the defendant no harm and there ought to be no new trial.”
Antokol v. Barber, 248 Mass. 393, at 398.
The defendant has argued that she was unable, because of labor conditions, to find anyone to fix the steps until after the accident. No request for a ruling raises any issue of law on this point and there is nothing before us in that respect.
No prejudicial error appearing, the report is to be dismissed.