Briggs, J.
This is an action of contract on a judgment. The answer is á general denial, payment and accord and satisfaction. At the trial, counsel for the plaintiff having called no witnesses, introduced in evidence a certified copy of the record of an action in' the Municipal Court of the City of Boston #256861 in which the parties were Samuel L. Lowe vs. Priscilla Nelson and in which a judgment in the sum of $460.00 damages and $10.75 costs was entered for the plaintiff on January 15, 1932.
The original execution issued thereon, bearing no return or endorsement of any kind, was also introduced. Counsel for the defendant in the present action admitted she was the defendant in the former action. Counsel for the plaintiff then stated to the Court that the defendant had paid $25.00 on account of the judgment in 1932 and that the statement in ihe declaration “Nothing has been paid on said execution” was not accurate. The plaintiff then rested.
*151 Counsel for the defendant thereupon orally moved for a judgment for the defendant on the grounds : (1) That the defendant had offered no evidence in support of the allegation in his declaration “Nothing has been paid on said execution”. (2) That the plaintiff has not made out a prima facie case.
The Court asked the defendant’s counsel if the defendant rested, and he replied that the defendant did not rest.
At the close of the plaintiff’s case, without waiving her right to offer evidence, the plaintiff was not entitled to a ruling on the sufficiency of the plaintiff’s evidence to maintain the action. Antonacopoulos vs. Arax Grocery Co. Inc. 234 Mass. 125. Hall vs. Wakefield & Stoneham St. Ry. 178 Mass. 98.
The defendant was given time to file rulings to present the issue whether at law the plaintiff had made out a prima facie case. The defendant then proceeded with her defence. At the conclusion of the defendant’s evidence both the plaintiff and the defendant filed requests for rulings, and a full finding of facts was filed by the Court. All of the requests -seem controlled by the findings of fact and the sole question presented is the ruling by the Court that “I rule as a matter of law that the plaintiff, in addition to introducing the record of the judgment was obliged to introduce some evidence to the effect that the amount was due him”.
This ruling is erroneous. The allegation of the amount due the plaintiff was set forth in the declaration but did not state specifically that it was on the judgment. The judgment however was received as a basis of evidence of the indebtedness, and further evidence was given by the defendant. This issue was before the Court; the defendant admitted that she was the defendant in the former action, and made a defence of an accord and satisfaction, based on *152 a payment of twenty-five dollars on the judgment. The findings of fact seem warranted by the evidence shown in the report.
The law seems settled that at any time prior to the established period of limitations judgments are prima facie evidence of indebtedness, and he who claims them to he paid must assume the burden of proof. The instrument itself is competent evidence to prove its own existence and contents and it is not necessary to allege that the judgment has not been satisfied or that it is in full force or effect. Am. Juris. Vol. 31, Secs. 855 & 860. Smith vs. Hill, 232 Mass. 188.
In accordance with the finding of the trial court that if “my ruling that judgment should be entered for the defendant upon the closing of the plaintiff’s case is found erroneous, * * * the defendant owes the plaintiff the amount of said judgment less $25.00 and less interest on $25.00 from July 1, 1932 * * *” the finding for the defendant is to be vacated, with judgment for the plaintiff in the amount of $445.75, with interest from July 1, 1932 to the date of the writ, plus interest on the full amount of the judgment, viz: $470.75 from January 15, 1932 to July 1, 1932.
The entry, therefore, will be — finding for the defendant vacated — Judgment for the plaintiff in accordance with this opinion.