GUSTAF E. HEDMAN *vs.* CHESTER E. MORSE.

Norfolk.    March 11, 1932. — March 14, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Motor vehicle, In use of way, Contributory.

Findings, that the defendant was negligent and that the plaintiff was not guilty of contributory negligence, and a finding for the plaintiff, were warranted in an action for personal injuries in a district court on evidence that the plaintiff, while riding a bicycle on his right hand side of a public way close to an automobile of the defendant parked at that side of the way, collided with a door on the left side of the automobile which the defendant, without looking around, opened "simultaneously with [the] . . . arrival" of the plaintiff, who did not observe it.

TORT.    Writ in the District Court of East Norfolk dated May 4, 1931.

The action was heard in the District Court by *Nash*, J. Material evidence is stated in the opinion. The judge found for the plaintiff in the sum of $2,000. A report to the Appellate Division for the Southern District was ordered dismissed. The defendant appealed.

*M. K. Campbell*, for the defendant.

*J. D. Smith*, (*R. S. Riley* with him,) for the plaintiff.

RUGG, C.J.    The plaintiff seeks to recover in this action of tort compensation for injuries received by him while a traveler upon a public way through the alleged negligence of the defendant. There was evidence which would have warranted the finding of these facts: The plaintiff, in the forenoon of a clear November day, was riding on a bicycle southerly on Hancock Street in the city of Quincy. The street at the place in question was at least forty feet wide, with double tracks for trolley cars in its middle part. The automobile of the defendant was parked apparently with others on the westerly side of the street close to the curb. Other automobiles were moving in both directions on the street, and some proceeding in the same direction as the plaintiff, between the westerly rail of the tracks and the

defendant's automobile. The plaintiff was pedaling his bicycle, the handle bars of which projected a foot on each side, so that its wheels were about eighteen inches or closer to the left side of the automobile of the defendant. The defendant, being in his automobile, opened its left door, (as the trial judge found, in dealing with requests, "simultaneously with [the] plaintiff's arrival") which swung forward and the plaintiff, not observing the open door, collided with it, fell to the street and was injured. The plaintiff said to the defendant in substance that he should have looked around when opening the door, and the defendant replied, "I never look around."

The finding was for the plaintiff.

No error of law is disclosed on the record. Whether the plaintiff was lacking in due care, or by his own negligent conduct contributed to his injury, and whether the defendant was negligent, presented questions of fact upon which the finding of the trial judge must be accepted as final. There is nothing in *Noonan* v. *Boston Elevated Railway*, 263 Mass. 305, on which the defendant relies, at variance with this conclusion. The requests for rulings need not be discussed.

*Order dismissing report affirmed.*