Hibbard, P. J.
The plaintiff sues in an action of tort to recover personal and property damage alleged to have been sustained in an automobile accident.
The answer was a general denial with a special plea of contributory negligence.
The plaintiff was parked on Main Street in the City of Holyoke with cars also parked to the front and rear of his car; the plaintiff opened the left door for the purpose of alighting. When this door was from one to one and one-half feet from the body of the automobile, the defendant’s car in passing struck it. There was evidence that the plaintiff looked in his mirror before opening his door having an unobstructed view for a distance of three or four hundred feet and did not see the defendant’s automobile at any time before the collision.
*267 The defendant’s automobile was in first gear and travel-ling between five and ten miles per hour. He had previously stopped his car at a car’s length behind the plaintiff’s in a line of traffic waiting for an intersection light. At the place of collision, Main 'Street is fifty feet wide and there were no cars at the time parked on the opposite side directly across from the plaintiff’s car nor were there any cars proceeding in an opposite direction. While the defendant told the plaintiff that he did not see his car, there was evidence to the contrary and that the plaintiff’s car was seen in the line of parked cars but the defendant paid no particular attention to it.
Eight requests for rulings were seasonably filed by the plaintiff. All of these were allowed. The finding was for the plaintiff.
In all cases where the surrounding circumstances are as here disclosed whether the plaintiff was lacking in due care or by his own negligent conduct contributed to his injury and whether the defendant was negligent present questions of fact. Hedman v. Morse, 278 Mass. 437. See also United States Fidelity and Guaranty Company vs. Mary L. Sheehan, 1941 A. S. 329, 330.
The requested rulings take into account only one element, namely the distance which the door opened and was at the time of collision both from the body of the car and the running board. All the other elements which must form the bases for findings of fact are ignored. There was prejudicial error in the allowance of the request unless by this allowance the Trial Court intended to make findings of fact. In the absence of a written decision including distinct .findings of fact, we are unable to say that such was the intent. So far as the report is concerned, the *268 decision in favor of the plaintiff was based purely upon the requests and did not take into account other elements which should have been considered. Prejudicial error must be found and a new trial ordered.