No. 2958          Northern          Middlesex, ss.

ESTHER WILLETT          (G. Joseph Tauro, J. E. Begley)
v. WILLIAM KOELBLE     (Avery, Dooley, Post & Carroll)

From the Fourth District Court of Eastern Middlesex—
Sartorelli, J.

Argued June 18, 1941; Opinion Filed September 10, 1941

JONES, P.J. (Wilson, & Sullivan, JJ.)—This is an action of tort, in which the plaintiff seeks to recover damages for personal injuries and for property damage to her automobile as a result of the negligent operation of the defendant's motor vehicle by the defendant on January 25, 1940. The defendant's answer is a general denial and an allegation of contributory negligence.

From the evidence most favorable to the plaintiff, it appears that the plaintiff's automobile was on Myrtle Street in Stoneham, Massachusetts, at about seven o'clock A. M., approaching Washington Street, which is a residential section; the automobile took a right hand turn into Washington Street and traveled about ten feet on Washington Street, at which time part of her car was to the left of the center of the road of Washington Street, she intending immediately thereafter to take a left turn into Pomroy Street, which is situated on the opposite side of Myrtle Street, and about thirty-five feet therefrom. Just prior,

[ 112 ]

the plaintiff's car had entered Washington Street, running at about eight miles per hour and turned to the left, and the defendant's car was four hundred feet away down Washington Street to the right of plaintiff, travelling toward the plaintiff's car at the rate of thirty-five miles per hour. At this time, the plaintiff's car was partly over to the left of the center of Washington Street after travelling about ten feet on Washington Street, and then about one hundred feet away from plaintiff. The plaintiff's car was then driven over to the right hand side of Washington Street, and came to a complete stop at the commencement of the intersection of Pomroy Street and Washington Street, when the defendant's automobile, still travelling at thirty-five miles an hour, approached the plaintiff's car; in an attempt to avoid a collision, defendant's car skidded on the ground which was covered with snow, and came over to the plaintiff's side of the road and struck the car operated by the plaintiff, causing injuries to the plaintiff, and damages to the left front and side of her car. After the collision the plaintiff's car was stopped on the extreme right hand side of the road and the defendant's car continued twenty feet further and to its right side of the road.

The defendant claims error in the denial of requested rulings 1 and 2, which are as follows:—

1. On all the evidence, there is no evidence of negligence on the part of the defendant.

2. On all the evidence, a finding that the defendant was negligent is unwarranted.

It was dependent upon the plaintiff to prove the defendant's negligence by a fair preponderance of the evidence, whether or not such negligence occurred was a question of fact for the court. *Hedman* v. *Norse*, 278 Mass. 437, 438.

The trial court found there was negligence on the part of the defendant, which was a question of fact. *Hedman* v. *Morse, supra.*

It appears from the report that the defendant was travelling at the time at the rate of thirty-five miles per hour on a slippery surface. He could see or ought to have seen plaintiff's car at least one hundred feet ahead of him, and the evidence is strong that he saw it four hundred feet ahead. No reason appears why on such a surface he should not have been able to have checked the speed of his car and, if so, no accident would have occurred.

It is evident that this is the basis of the finding in this case for the plaintiff. The plaintiff, about to cross the street, was seen, or should have been seen by the defendant one hundred feet or more ahead, about to cross. The defendant, on an icy street, failed to slacken his speed, kept on coming at thirty-five miles per hour, and skidded into the plaintiff. We think the finding justified by the evidence. The denial of rulings 1 and 2 was also proper.

In passing upon these requests in such a way, the court's reason

for denying defendant's requests one and two are distinctly given.

We think that the judge acted entirely within the case of *Commonwealth* v. *Bosworth*, 275 Mass. 212.

We have here a slippery surface of the street, the turning of the plaintiff to enter a street, and the fast driving of the defendant at the intersection of a street which we think justifies a finding of negligence by the defendant.

Mere skidding alone and unexpected, would not conclude the defendant's liability. *Herman* v. *Sladofsky*, 301 Mass. 534. To operate at a speed of 35 miles per hour while going through an intersection or approaching one, as here, with an automobile ahead turned, and stopped, as here, is, we think, such a state of facts as warrants a finding of defendant's negligence. *Enow* v. *Nickerson*, 304 Mass. 63, and justifies a finding for the plaintiff.

The report is dismissed.