David H. WINNICK, Plaintiff,

v.

Henry SAGANOV, Defendant.

Civ. A. No. 60–789.

United States District Court
D. Massachusetts.

June 14, 1961.

William Landau, Boston, Mass., for plaintiff.

Elliot L. Richardson, U. S. Atty., Harold Lavien, Asst. U. S. Atty., Boston, Mass., for defendant.

CAFFREY, District Judge.

This is an action of tort for property damage. The defendant is an employee of the United States Post Office Department and because this action arose out of his operation of a United States mail truck, the case was removed from the Municipal Court of the Dorchester District of the City of Boston, Massachusetts, to the United States District Court, pursuant to 28 U.S.C. § 1442.

I find that on February 25, 1960, the plaintiff David H. Winnick was the owner of a 1957 Oldsmobile "98" 4-door Sedan, and that at approximately 10:30 a. m. on said date plaintiff was in his automobile, which was properly parked at a parking meter in front of 249 Harvard Street, Brookline, Massachusetts. I find that all of the parking spaces adjacent to the curb on Harvard Street for a distance of several car-lengths in front of and behind plaintiff's car were occupied by properly parked vehicles. In addition to these properly parked vehicles I find that about one car-length in front of plaintiff's car, a truck not otherwise involved in this case was double-parked, and that about one-half car length in the rear of plaintiff's car another car was double-parked. I further find that the defendant Henry Saganov was engaged in delivering Parcel Post along Harvard Street that morning and that he made a delivery at No. 233 Harvard Street. After completion of this delivery I find that defendant proceeded to a position in front of No. 249 Harvard Street, at which was located a camera shop, the location of which was familiar to the defendant, and at which defendant intended to make his next delivery of Parcel

Post. Defendant drove slowly along Harvard Street a short distance between No. 233 and No. 249, passed the double-parked vehicle to the rear of plaintiff's car, and then turned in sharply to double-park approximately opposite plaintiff's car. I find that just as defendant drove in, plaintiff opened the left front door of his automobile, with the result that defendant's right front bumper struck the edge of the said front door on the driver's side of plaintiff's car, causing a small dent. Plaintiff estimated defendant's speed to be 30 or 35 miles per hour. This I find incredible. I likewise am unable to believe that plaintiff opened his door slowly while looking at all times toward his rear, as he testified. I find that this accident was caused at least in part by plaintiff's contributory negligence in opening the door on the street side of his parked vehicle without properly determining first whether or not he could do so with safety. See Hedman v. Morse, 278 Mass. 437, 180 N.E. 240.

I find for the defendant, without costs.